THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEONARD A. HARTNETT, Relator, against TIMOTHY RYAN, as Warden of Bronx City Prison, Defendant.

Supreme Court, Special Term, Bronx County, July 31, 1945.

*Henry B. Rothblatt* for relator.

*Samuel J. Foley*, District Attorney (*Marvin Lechtman* of counsel), for defendant.

EDER, J. Habeas corpus proceeding. The relator was apprehended and imprisoned upon a warrant of the Governor of the State of New York and the requisition of the State of Nebraska wherein it charges that the relator committed the

crime of abandonment within the latter State on or about September 2, 1944.

The basic grounds upon which the relator seeks his discharge from custody are that he is not a fugitive from justice, that he never fled the jurisdiction of the courts of Nebraska, that he was not within that State at the time of the alleged commission of said offense, and that in consequence the warrant of the Governor of this State for his extradition is null and void.

The return of the defendant to the writ does not traverse any of the allegations of fact set forth in the petition but it is the position of the defendant that there is the presumption from the fact that it has been represented to the Governor of this State by the Governor of Nebraska that the relator is a fugitive from justice and stands charged in that State with having committed therein the crime of child abandonment and has fled therefrom and taken refuge in this State, that the relator was in the demanding State at the time of the commission of said offense; further, that though he was not personally present, the said offense is one for which he may be there prosecuted though he may have lawfully left that jurisdiction, if he subsequently failed to provide for his child and abandoned it and hence is subject to extradition.

On behalf of the relator it is contended that if the abandonment occurred after he lawfully left the State of Nebraska he cannot be there charged with and prosecuted for a subsequent abandonment, and, moreover, that even if he could be so subsequently charged with that crime and prosecuted in that State therefor, he nonetheless cannot be lawfully extradited unless he was personally present in the demanding State when the crime is alleged to have been committed.

It is held that a parent under a legal duty to support his child, who, after lawfully leaving the jurisdiction in which the child resides, subsequently abandons it therein, may be indicted and prosecuted therefor, and that the offense is committed in the jurisdiction in which the child is left destitute and dependent (*Sikes* v. *State*, 37 Ga. App. 164).

Another question arises on the matter of extradition; for that purpose it is essential that it be shown that the accused was personally present in the demanding State when the crime is alleged to have been committed and in the absence thereof he cannot be considered or held to be a fugitive from justice and without such proof there can be no interstate rendition (*People ex rel. Higley* v. *Millspaw*, 281 N. Y. 441).

The court has taken evidence and the relator has testified, without contradiction, that he has not been in the State of Nebraska since September 1, 1943, to date, and that he was not in said State on or about September 2, 1944, when said crime is alleged to have been committed by him. It thus conclusively appears that he was not in the demanding State when the mentioned offense is alleged to have been committed.

Accordingly, the warrant of the Governor of New York, upon which the relator was apprehended and taken into custody and upon which he is now detained, must be declared null and void, and it is so adjudged.

The writ of habeas corpus is sustained. Settle order returnable August 3, 1945, at 10:00 A.M.