THE PEOPLE OF THE STATE OF NEW YORK ex rel. MURRAY L. SWANSON, Relator, against BRAYTON E. PECK, as Sheriff of Jefferson County, Defendant.

County Court, Jefferson County, December 16, 1953.

*Robert Shaad* for relator.

*Angus G. Saunders, District Attorney,* for defendant.

WILTSE, J. One Murray L. Swanson, the relator herein, is presently in the custody of Brayton E. Peck, Sheriff of Jefferson County, by virtue of an extradition warrant issued by the Honorable Thomas E. Dewey, Governor of the State of New York, pursuant to a demand of the Governor of the State of Minnesota.

The aforesaid relator has been produced here in accordance with a writ of habeas corpus addressed to the aforesaid Brayton E. Peck, Sheriff of Jefferson County. In such proceeding, the aforesaid demand of the Governor of the State of Minnesota, together with accompanying documents, have been made a part of the petition of the relator by reference, and have also been introduced in evidence by the District Attorney of Jefferson County acting in behalf of the said Sheriff.

The sections of the Code of Criminal Procedure of the State of New York with which we are primarily concerned, are sections 830 and 834.

Under section 830, the accused must have been actually present in the demanding State at the time of the commission of the alleged crime to allow extradition. (*People ex rel. Higley* v. *Millspaw,* 281 N. Y. 441.)

Under section 834, extradition of persons is permitted who were not actually present in the demanding State at the time of the commission of the alleged crime. (*People ex rel. Robert* v. *Warden of N. Y. City Prison,* 114 N. Y. S. 2d 13; *People ex rel. Faulds* v. *Herberich,* 89 N. Y. S. 2d 24, affd. 276 App. Div. 852, affd. 301 N. Y. 614.)

As grounds for sustaining the writ, the relator argued, among other things, that the affidavit of Madge Swanson, the wife of the relator, which is annexed to the aforesaid demand, does not set forth facts and circumstances sufficient to substantiate that the crime alleged in the Minnesota complaint (information), also annexed to the demand, was committed under the law of the demanding State. It is also claimed that this affidavit, is in such language, that it actually alleges that the relator was at all times in the State of Minnesota at the time of the commission of the crime alleged in the said complaint, and that, as a matter of fact, the uncontroverted petition of the relator shows that he was not in Minnesota at the time of the commission of the alleged crime. Therefore, he points out, that it must necessarily follow that the requirements of section 830 of the Code of Criminal Procedure aforesaid have not been met, and extradition cannot be allowed. In the alternative, the relator contends that if it is urged that the affidavit and other accompanying papers are offered by defendant in support of extradition under the provisions of section 834 of the aforesaid Code of Criminal Procedure, that neither is the affidavit sufficient for that purpose nor are all of the papers considered together sufficient therefor.

It is further argued by the relator, that the warrant issued by the Honorable Thomas E. Dewey, Governor of the State of New York, is issued under authority of section 830 aforesaid, and that a court may inquire into facts occurring before the issuance of said warrant to determine whether sufficient jurisdictional facts exist upon which said warrant was based. If this is done, he claims, the writ must be sustained, as the petition shows that he was outside of the State of Minnesota at the time of the commission of the alleged crime, as does the demand

of the Governor of Minnesota, all contrary to the statements contained in the warrant of the Governor of the State of New York. That, therefore, because of the form of the New York State warrant it is, in fact, an extradition based on section 830 aforesaid, and should not be allowed.

Relator next contends that the form of the Minnesota complaint alleges that he was in Minnesota on or about December 23, 1952, whereas, in fact, he was not in said State at said time; and that he was not in New York State, at on or about said date, as alleged therein; that since he was not in the State of Minnesota or in Jefferson County, in New York State, at all times mentioned in said complaint, that said complaint and supporting affidavit, and therefore the demand and all accompanying papers, for either or both of said reasons, are defective and will not support extradition.

The intricacies of these apparently conflicting contentions and arguments have been difficult to grasp and follow, but an attempt has been made to set them forth, and all have been considered.

The facts of this matter, however, appear to be that the relator's wife, Madge Swanson, has been a resident of the State of Minnesota since some years prior to December 23, 1952, and up to and including the present; that she and the relator have children living with her in the State of Minnesota; where the relator lived with them for some years, and until the year 1952; that the relator has never established any other permanent residence since leaving the State of Minnestota in 1952, and has never returned there since on or about December 23, 1952, but has been employed in and living at various locations and States since leaving said State of Minnesota; that a complaint was executed by the said Madge Swanson on September 17, 1953, as was a supporting affidavit, both sworn to before Honorable LUTHER SLATTEN, Judge of the Municipal Court of the City of Minneapolis, charging said Swanson with desertion and abandonment of his five minor children, and failing to care for and support them. Said complaint alleges the date of the crime to be on or about December 23, 1952, and continuously since then, and that the said Swanson committed acts in the County of Jefferson, New York and State of New York during such period that intentionally resulted in the commission of such crime in the State of Minnesota.

Based on the foregoing and the other papers required by law, the Governor of Minnesota addressed the aforesaid demand to the Honorable Thomas E. Dewey, Governor of the State of

New York, for Swanson's extradition. The aforesaid warrant of rendition was thereupon issued by the said Honorable Thomas E. Dewey, Governor.

It is contended that the warrant of the Governor of the State of New York must cause extradition to fail as it does not set forth the wording contained in section 834 aforesaid regarding the commission of acts in another State that intentionally resulted in a crime in the State of Minnesota. Such a verbatim recital in the warrant of the Governor of the State of New York is not a necessity. Substantial recital of facts necessary to the validity of its issuance is all that is required. This has been accomplished in the instant proceeding, and when considered together with the Minnesota Governor's demand and annexed documents, can leave no doubt as to the fact that it is issued in reliance upon section 834 of the Code of Criminal Procedure aforesaid.

The extradition proceeding being based on section 834, it remains to be determined whether the affidavit of Madge Swanson, the certificate of the County Attorney, the complaint, and other papers annexed to the demand, sufficiently set forth facts that show that the relator was not in the demanding State at the time of the commission of the alleged crime, and that, he committed '' an act in this state or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, when the acts for which extradition is sought would be punishable by the laws of this state, if the consequences claimed to have resulted therefrom in the demanding state had taken effect in this state '' (Matter in quotes is portion of Code Crim Pro., § 834.)

The relator contends that they are not sufficiently definite to comply with section 834, and that he was not in Jefferson County, New York at all of the times alleged in the complaint and supporting affidavit.

Clearly, the facts which have been shown here, had they taken effect and been performed in Minnesota, would have caused a crime to be committed in this State.

It is not conceivable that the law of this or any State would allow a transient worker to jump around from county to county, from State to State, and thereby eliminate a legal duty to support his children, without recourse to any method of compelling support. The authorities in the demanding State could not always know his exact location in any State, or in which State he might be temporarily employed. For that reason, a strict compliance with section 834 as to the exact time and

place without the demanding State, where the accused was located, would be impossible. A substantial compliance is had with special provisions of the section in question, if the papers upon which the demand is based, show that he was outside the demanding State and committed an act while away from that State, or in this, or in another State, which intentionally resulted in a crime being committed in the demanding State, even though the exact time during which he was at a given place is not alleged with particularity. If this were not true, it could defeat the purpose of the section and defeat the rulings in the many cases which hold that liberal construction should be given in matters of this nature.

A relator may always offer proof to show facts different than alleged in the papers of the demanding State, except that he may not attack an indictment or information, as to the sufficiency of its pleading, the possibilities resulting from trial, or the merits of the defense. (*People ex rel. Higley* v. *Millspaw,* 281 N. Y. 441, *supra.*)

The petition of the relator supports, rather than controverts, the allegations of the extradition papers as to his absence from Minnesota and as to his commission of acts while in New York and other States that resulted in his failure to provide for or support his children. The Minnesota complaint and accompanying affidavit show that the aforesaid Swanson has contributed the sum of $50 for the support of his children since December of 1952; and his petition sets forth that he has been employed by various firms since his departure from Minnesota in 1952, and that he has contributed toward the support of his children from December 28, 1952, to the present time, the sum of $50. Such contribution, it is alleged, was on August 7, 1953. An examination of the said petition reveals that the said Swanson was gainfully employed during most of the aforesaid period, and at various locations outside the State of Minnesota, many of them being in New York State, and also in Jefferson County, New York.

It appears, therefore, that there has been sufficient and substantial compliance with the provisions of section 834 of the Code of Criminal Procedure.

It is further believed that neither this objection raised by the relator is competent to cause his extradition to fail, nor is any other objection raised competent to do so.

Under the circumstances, the writ is dismissed and the relator remanded to custody.

An order may be entered accordingly.