Sidney A. Fine, J.
In this habeas corpus proceeding, relator, a New York resident, seeks release from a warrant granted by the Governor of this State for relator’s extradition to Texas to *155 face charges on an indictment returned by a Grand Jury of Potter County, Texas. The indictment charges relator and another individual with having entered into an unlawful conspiracy, agreement and combination in New York to fix prices, eliminate competition and restrict trade in Potter County, Texas, affecting a certain commodity known as anhydrous ammonia.
There is no claim that relator was present within the State of Texas at the time of the commission of the alleged crimes. This is, therefore, not the usual situation, within the purview of section 829 of the Code of Criminal Procedure and section 3182 of title 18 of the United States Code, where extradition is sought of a “ fugitive ” alleged to have been present in the demanding State at the time of the commission of the criminal acts. (People ex rel. Higley v. Millspaw, 281 N. Y. 441; People ex rel. Corkran v. Hyatt, 172 N. Y. 176.)
Authorization for the attempted extradition must here be found in section 834 of the Code of Criminal Procedure, which relates to the “ Extradition of persons not present in demanding state at time of commission of crime.” That section permits the Governor to surrender for extradition a person charged in the demanding State ‘ ‘ with committing an act in this state or in a third state, intentionally resulting in a crime in the [demanding] state ”. Such extradition is authorized, however, only (a) if the person demanded is “ substantially” charged with the commission of a crime under the law of the demanding State, of which that State has jurisdiction, and (b) “ when the acts for which extradition is sought would be punishable by the laws of this state, if the consequences claimed to have resulted therefrom in the demanding state had taken effect in this state ”. (Code Crim. Pro., §§ 834, 830; emphasis supplied.)
The code provisions dealing with extradition were revised in 1936, upon the recommendation of the Law Revision Commission, on the model of the Uniform Criminal Extradition Act (L. 1936, eh. 892; N. Y. Legis. Doc., 1936, No. 65A). The clause in section 834 relating to ‘1 the consequences claimed to have resulted * * * in the demanding state ”, does, however, not appear in the corresponding section of the Uniform Act (§ 6). It was added as a “ careful safeguards against abuse of extradition procedure in this type of case ” (N. Y. Legis. Doc., 1936, No. 65A, p. 15). A similar bill passed by the Legislature in 1935, which did not contain this safeguard, had been vetoed by Governor Lehman because of the “ strong possibility of serious misuse and abuse ” (see N. Y. Legis. Doc., 1936, No. 65A, pp. 13-14).
In its explanatory comments, the Law Revision Commission noted that “ extradition under this section [834] is not author *156 ized unless the very act with which the person demanded is charged would be punishable in this state if the results complained of by the demanding state had occurred, geographically, in this state ” (N. Y. Legis. Doc., 1936, No. 65A, p. 15).
Implicit in the statute’s reference to “ the consequences claimed to have resulted therefrom in the demanding state ” would seem to be the requirement that there be actual “ consequences ” in the demanding State as a result of the acts committed outside that State.
The indictment in this case merely charges that there was an unlawful conspiracy, agreement and combination entered into in New York for the purpose of affecting trade in Texas. There are no allegations to show that the conspiracy was ever carried out in Texas or that any acts were committed in that State in pursuance thereof. Though there are allegations in two of the four counts of the indictment that relator, in entering into the conspiracy, was “ acting by, through and for ” a named Maryland corporation duly authorized to do business in the State of Texas, there is no allegation that that corporation or anyone in its behalf did any acts in the State of Texas in pursuance of the alleged conspiracy. While it is urged that the showing required by section 834 may be supplied by the requisition submitted by the Governor of Texas to the Governor of this State, that document is altogether too vague and indefinite to make the requisite showing (cf. People ex rel. De Martini v. McLaughlin, 243 N.Y. 417,419).
Eelator contends that the indictment fails to state a crime even under the applicable Texas statutes, since punishment for the formation outside that State of a trust, monopoly or conspiracy in restraint of trade is there provided for only if such trust or monopoly is caused or permitted to do business within the State or “ to have any operation or effect within this State ” (Vernon’s Arm. Penal Code, art. 1639). Eelator further urges that the Texas indictment is also jurisdictionally defective under Federal due process limitations in its attempt to reach acts committed entirely outside that State’s geographical borders. It is, however, unnecessary to resolve these issues.
If the question here presented were that merely of determining whether the indictment substantially charges a crime under the applicable Texas statutes, it would be appropriate for the court to decline to resolve any debatable questions relating to the interpretation of the indictment and to apply a presumption in favor of the validity of the charge (People ex rel. Hayes v. McLaughlin, 247 N. Y. 238, 241-242; see People ex rel. Higley v. Millspaw, 281 N. Y. 441, 445, supra; People ex rel. Matochik *157 v. Baker, 306 N. Y. 32). The issue here presented, however, is whether a sufficient showing has been made of the facts requisite under this State’s statute to authorize extradition. The important considerations of policy underlying the limitations embodied in section 834 (see N. Y. Legis. Doc., 1936, No. 65A, pp. 13-15), demand that the requirements of that section be strictly enforced and that in the absence of a clear showing of compliance with such requirements, extradition be not permitted of a New York resident who was not present in the demanding State at the time of the commission of the alleged criminal acts. Since there is no such showing in this case, the writ of habeas corpus must be sustained and the relator discharged.