Sidney H. Asch, J.
Defendant’s motion to vacate the Governor’s warrant of arrest is granted.
In January, 1970 the Grand Jury of Harris 'County, Texas voted an indictment against defendant Murray H. Taylor and four other persons charging them with conspiring to fraudulently steal moneys in excess of $50, which offense was allegedly committed by them in the State of Texas. Because the defendants named in said indictment were not present in the State of Texas, the District Attorney of Harris County *1007 filed an application to the Governor of the State of Texas for the issuance of a requisition to the Governor of New York for the apprehension of the five persons charged by the indictment. Thereafter, on June 26, 1970, the Governor of Texas made a written demand on the Governor of New York that defendant Taylor be arrested and transported to Texas to answer the indictment. On August 24, 1970 the Governor of New York issued a warrant to the Police Commissioner of New York City to apprehend the defendant Taylor.
Governor Rockefeller’s warrant, dated August 24,1970, states that the Governor of Texas has represented to him that defendant Taylor is charged in Texas with having committed acts in New York resulting in a crime in Texas, to wit: conspiracy to commit a felony theft, which the Texas Governor certifies to be a crime under the laws of Texas; that the accused has taken refuge in New York and that the Governor of Texas has demanded that the Governor of New York cause the said accused to be arrested and delivered to the authorities of Texas. It further states that the accused is charged with having committed the said crime in Texas and having taken refuge in the State of New York.
Section 834 of . the 'Code of Criminal Procedure of the State of New York (Uniform Criminal Extradition Act) provides that the Governor of New York may surrender on demand of the Governor of any other State, any person in New York charged in such other state with committing an act in New York or in a third State, intentionally resulting in a crime in the other State “ when the acts for which extradition is sought would be punishable by the laws of this state ” (emphasis added).
The indictment voted in Texas charges that defendant and four other persons ‘ ‘ did unlawfully conspire, combine, confederate and agree, and did enter into a positive agreement together and between themselves, to unlawfully and voluntarily take and steal money and funds in excess of the value of $50.00 ”. Said indictment does not allege any overt act in connection with the alleged conspiracy.
Section 105.20 of the Penal Law of the State of New York distinctly provides that a person shall not be convicted of conspiracy unless an overt act is alleged and proved to have been committed by one of the conspirators in furtherance of the conspiracy. In this respect the New York criminal law of conspiracy is different .from the criminal law of Texas. In other words, a crime of conspiracy can be committed under the law of Texas and not be the crime of conspiracy under the law of *1008 New York (Vernon’s Ann. Penal Code, art. 1622). It is urged by defendant that since the criminal statutes are not similar, the acts allegedly committed not being a crime in bfew York since no overt acts are alleged in the indictment, thp indictment is defective, and the warrant of extradition should never have issued.
One of the other four persons indicted with defendant Taylor in the instant case, Ronald Alpert, obtained a writ of habeas corpus which came on before Honorable Daniel Gr. Albert, a Justice of the Supreme 'Court, Nassau County, on September 30, 1970. The court, after hearing argument by defendant’s counsel and the District Attorney, sustained the writ and discharged defendant Alpert from custody saying, “ I do not see a single allegation or charge in this indictment that any overt act was committed by Ronald Alpert, who is the subject of this hearing, or by any of the other conspirators in the State of Texas, and as such it is my interpretation of the law applicable to situations like this that unless the crime of which the petitioner is charged in a foreign State constitutes a crime in this State for which he could be tried and convicted in this State, that it is not an extraditable offense. This is my feeling.”
The court there also said: “It is my belief that since the indictment does not indicate or charge any act in furtherance of the conspiracy that is alleged to have been entered into between these individuals in this State, that no overt act and no act in furtherance of that conspiracy to commit a crime has been done or at least has not been charged as having been done in the State of Texas, that being the case, under those circumstances if the same set of facts were set forth in the indictment here in the State of New York, that indictment in my opinion would be dismissable as not having set forth a sufficiency to sustain the indictment because they could not be convicted in this State for just conspiring to do something which they never do, which they don’t commit any act or make no attempt to do.”
The Justice who passed upon the companion warrant for extradition did not have the Texas statute before him and furthermore limited his consideration of the facts to those which were set forth in the foreign indictment. It is this court’s considered view that it is not restricted within the four corners of the indictment. To the contrary, there is a judicial obligation to consider evidence in order to determine whether “ the acts for which extradition is sought ’ ’ would constitute a crime under the New York law.
Defendant contends that the cou.rt is bound by the facts alleged in the extradition papers. While there has been no dis *1009 cussion in the decided cases explaining the procedure to be followed, upon study, it seems clear that a hearing to satisfy the requirements for surrender under section 834 of the Code of Criminal Procedure is warranted.
Under this section, extradition of accused persons who were not actually present in the demanding State at the time of the commission of the alleged crime is permitted. (People ex rel. Faulds v. Herberich, 276 App. Div. 852, affd. 301 N. Y. 614 ; People ex rel. Swanson v. Peck, 205 Misc. 326 ; People ex rel. Robert v. Warden of New York City Prison, 114 N. Y. S. 2d 13.) It purports to embody the provisions of section 6 of the Uniform Criminal Extradition Act. However, unlike this provision of the uniform law as it has been adopted in every other State, section 834 of the New York Code of Criminal Procedure imposes a condition precedent to surrender of an accused person. It requires that 1‘ the acts for which extradition is sought would be punishable by the laws of this state ”,
The explanation is to be found in its legislative history, which supports this court’s view that it may take testimony on this issue. The Code of Criminal Procedure was amended in 1936 to make it conform with the Uniform Extradition Act (Laws 1936, ch. 892 ; N. Y. Legis. Doc., 1936, No. 65A). A similar proposal passed by the Legislature in 1935 had been vetoed. In his veto message, Governor Lehman explained specifically that with respect to section 834, “ I fear that the section is open to the strong possibility of serious misuse and abuse.” As explained by the report of the Law Revision Commission (N. Y. Legis. Doc., 1936, No. 65A, pp. 14-15), in “ accordance with Governor Lehman’s wish,” the proposed section 834 of the bill was amended so that “ extradition under this section is not authorized unless the very act with which the person demanded is charged would be punishable in this state if the results complained of by the demanding state had occurred, geographically, in this state.” It seems noteworthy that New York is the only jurisdiction which has added these “ careful safeguards against abuse of extradition procedure in this type of case.” (N. Y. Legis. Doc., 1936, No. 65, p. 15 ; see, also, Report of Committee on Crim. Cts., Law and Pro., Assn. of Bar of City of N. Y., Feb. 13, 1936, pp. 43-55).
What the draftsmen contemplated was an investigation to determine factually, rather than on the bare allegations of an indictment of another State, whether the accused person had done such acts as would be punished under the laws of New York.
*1010 It is helpful to compare section 830 of the code which authorizes the surrender of a person who is charged with committing a crime while actually within the demanding State. Under that section, the only questions are: (1) whether the defendant was the person charged; (2) whether he was substantially charged with crime; (3) whether he was in the demanding State at the time the crime was committed. (People ex rel. Hauptmann v. Hanley, 153 Misc. 61, affd. 242 App Div. 257.)
Section 834 of the code, covering the “ extradition of persons not present in demanding state at time of commission of crime ’ ’ asks, in addition, whether ‘ ‘ the acts for which extradition is sought would be punishable by the laws of this state, if the consequences claimed to have resulted therefrom in the demanding state had taken effect in this state ”.
As pointed out by Justice Fine in People ex rel. Wheeler v. Murphy (38 Misc 2d 154, 156-157) “If the question here presented were that merely of determining whether the indictment substantially charges a crime under the applicable Texas statutes, it would be appropriate for the court to decline to resolve any debatable questions relating to the interpretation of the indictment and to apply a presumption in favor of the validity of the charge (People ex rel. Hayes v. McLaughlin, 247 N. Y. 238, 241-242 ; see People ex rel. Higley v. Millspaw, 281 N. Y. 441, 445, supra ; People ex rel. Matochik v. Baker, 306 N. Y. 32).”
It is “ settled beyond question in decisions both of the Supreme Court of the United States and of the courts of this state ’ ’ ‘ ‘ that authentication by the executive authority of a demanding state should be prima facie evidence of the truth of the matters set forth in the requisition papers ”. (1936 Report of N. Y. Law Rev. Comm., p. 17.) But the language and history of section 834 of the New York Code of Criminal Procedure mandate a sufficient factual demonstration to satisfy the statutory requirements designed to protect a New York resident who was not physically within the State demanding him at the time the alleged acts were perpetrated.
Although no court has expressly held that such a hearing is warranted, or even permissible, under the extradition provisions, there are a number of cases in which such procedure has been followed. (People ex rel. Weiss v. Nenna, 25 A D 2d 399, affd. 22 N Y 2d 709 ; People ex rel. Butler v. Flood, 29 A D 2d 692 ; People ex rel. Faulds v. Herberich, 89 N.Y.S. 2d 24 ; People ex rel. Robert v. Warden, 114 N. Y. S. 2d 13 ; People *1011 ex rel. Swanson v. Peek, 205 Misc. 326 ; People ex rel. Wheeler v. Murphy, 38 Misc 2d 154, supra.)
In the instant situation, over the objections of defendant, the ■court was constrained to seek information on the factual issue of whether the acts for which extradition was sought would he punishable under the laws of the State of New York. The Texas authorities were unable or unwilling to furnish witnesses who would substantiate “ overt ” acts by the defendant which could form the basis for “ conspiracy ” under New York law. The office of the District Attorney of New York County could not, on its own, supply the missing factual element.
Furthermore, the warrant issued by the Governor of New York was defective in that it fails to state, as required by section 834 of the Code of Criminal Procedure that the acts for which extradtion are sought would he punishable by the laws of the State of New York.
The warrant of the Governor of New York is vacated, the bail bond canceled and the defendant released from custody.