## (March 29, 1978)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOAN LITTLE, Appellant, v WILLIAM CIUROS, JR., as Commissioner of Correction of the City of New York, et al., Respondents.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Kings County, dated March 27, 1978, which, *inter alia,* denied the application and remanded her to the custody of the Department of Correction. Judgment affirmed, without costs or disbursements. The extradition of petitioner is stayed for 10 days pending her appeal to the Court of Appeals. The application for bail pending appeal is denied. The petitioner's claims supporting her resistance to extradition to North Carolina, under the necessities of our Federal system and the requirements of the Uniform Criminal Extradition Act (CPL art 570), must be presented in the courts of North Carolina or in the Federal courts (see *Sweeney v Woodall,* 344 US 86; cf. *United States ex rel. Brown v Fogel,* 395 F2d 291; *People ex rel. Higley v Millspaw,* 281 NY 441). Hopkins, J. P., Martuscello and Latham, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment appealed from and to grant petitioner a hearing, with the following memorandum: While it may be highly doubtful that petitioner can, upon a hearing, establish that, upon her return to the State of North Carolina, that State will indulge in outlawed conduct upon her, she should not be summarily deprived of an opportunity to establish that fact. She asserts that she is in a position to prove, if given a hearing, that she is a

marked woman and that the officials of the State of North Carolina have agreed that, if she is returned to that State, she will be killed. In my opinion, under the exceptional circumstances of this case, the petitioner is entitled to a hearing to establish, if she can, that ordering her return to the State of North Carolina would result in a gross miscarriage of justice. I, therefore, vote to grant her a hearing.