James B. M. McNally, J.
On writs of habeas corpus by the relators, Benjamin Waldman and Anthony Cambia, it appears they were apprehended on the demands of the Governor of the State of Connecticut, dated January 31,1955 certifying, in part, as to each relator ‘ ‘ he has fled from the justice of this State, and taken refuge in the State of New York ”. The relators also stand charged with Federal offenses arising out of the transactions here involved and in respect of which bail has been fixed in the sum of $23,500. The district attorney concedes ‘ ‘ for the purposes of extradition that the relators were not in the demanding state at the time they committed the acts forming the basis of the Connecticut charge ”.
Section 830 of the Code of Criminal Procedure serves to implement the provisions for extradition in the Constitution of the United States (art. IV, § 2, subd. 2) which pertains to “ A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State The constitutional mandate is that “ on demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime ” (U. S. Const., art. IV, § 2, subd. 2). It is the duty of the State of asylum to deliver to the demanding State a fugitive from justice. The requirements of the Constitution of the United States and the provisions of section 830 of the Code of Criminal Procedure having been met, there is no discretionary power to refuse the demand for extradition of a fugitive from justice. (People ex rel. Higley v. Millspaw, 281 N. Y. 441; People ex rel. Marshall v. Moore, 167 App. Div. 479, affd. 217 N. Y. 632.)
*299 Although the demands of the Governor of the State of Connecticut here involved allege that the relators have fled from justice of that State, the respondent does not seek to sustain the extraditions by reference to the United States Constitution or section 830 of the Code of Criminal Procedure. Obviously, the fact that the relators were not in the demanding State at the time they committed the acts forming the basis of the Connecticut charges, conceded by the district attorney, and necessarily so in the face of the documents accompanying the demands of the Governor of the State of Connecticut, precludes the application of the provisions which relate to fugitives from justice. Respondent, therefore, relies on section 834 of the Code of Criminal Procedure which became effective September 1, 1936 having been added by section 1 of chapter 892 of the Laws of 1936. Section 834 represents the exercise of the residuum of sovereignty of the State of New York in the field of extradition. The Federal Constitution provides for the extradition of fugitives from justice. Section 834 provides for the extradition of those who are not fugitives from justice.
In 1935 the Law Revision Commission approved a bill for the extradition of persons who are not fugitives from justice, which was passed by the Legislature but was vetoed by Governor Lehman. That bill provided as follows: “Extradition of persons not present in demanding state at time of commission of crime. The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in section eight hundred and thirty-two with committing an act in this state or in a third state intentionally resulting in a crime in the state whose executive authority is making the demand; and the provisions of this title, not otherwise inconsistent, shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime and has not fled therefrom.” In vetoing the bill, Governor Lehman stated his reasons to be “I fear that the section is open to the strong possibility of serious misuse and abuse. It might readily curtail freedom of speech and of the press and be the basis of persecution.” (1936 Report of N. Y. Law Rev. Comm., pp. 39, 40.)
To meet the objections of Governor Lehman, in 1936 the bill which became section 834 was submitted with the recommendation of the Law Revision Commission. The additions constituting the revisions intended to meet the objections of Governor Lehman require: (1) that “ when the acts for which extradition is sought would be punishable by the laws of this *300 state, if the consequences claimed to have resulted therefrom in the demanding state had taken effect in this state ” and (2) “ provided, however, that the governor of this state may, in his discretion, make any such surrender conditional upon agreement by the executive authority of the demanding state that the person so surrendered will be held to answer no criminal charges of any nature except those set forth in the requisition upon which such person is so surrendered, at least until such person has been given reasonable opportunity to return to this state, after his acquittal if he should be acquitted, or if he shall be convicted, after he shall have been released from confinement.” (1936 Report of N. Y. Law Rev. Comm., pp. 40-41.)
Since section 834 represents an exercise of the legislative power of this State, it was competent for the Legislature to vest the Governor of this State with discretion in extradition matters pertaining to those persons who are not fugitives from justice. Such discretion is not present when the basis for extradition is that the person involved is a fugitive from justice.
It is not possible at this time to ascertain, in the light of the fact that the relators are not fugitives from justice, as is conceded for the purpose of these proceedings, whether the demanding State would have made the demands which underlie the extradition proceedings against these relators. In addition, the demands on their face, being predicated on the provisions of the Constitution and the laws of the United States, it is obvious that the relators did not receive the benefit of the exercise of the discretion of the Governor of this State provided for in section 834 as above set out.
People ex rel. Kaufman v. O’Brien (197 Misc. 1019), holding that the statement of a prosecuting attorney, in his affidavit requesting extradition, that the relator was a fugitive from justice may be treated as surplusage, is distinguishable. Here the demands by the Governor of the demanding State are predicated solely upon the extradition authorized by the Constitution and laws of the United States. Under the circumstances, the court is constrained to sustain the writs. The relators are discharged without prejudice to any other proceeding' or proceedings the demanding State may be advised to take.