Fred J. Munder, J.
The relator in this habeas corpus proceeding seeks his discharge from arrest on a warrant issued by the Governor of the State of New York upon the demand of the Governor of the State of Florida for his arrest and delivery as a fugitive from justice.
On the hearing it was shown that on February 4, 1959, an information was filed against the relator by the State Attorney for Dade County, Florida, charging him and another with the crimes of breaking and entering and grand larceny; that on February 27, 1959 the relator pleaded guilty and was so adjudged. The judgment entered on that day provides “ that the passing of sentence be, and the same is, hereby suspended from day to day and term to term until the further order of this court ”. A certificate of the Clerk of the Dade County Criminal Court of Record states that on February 27, 1959, *864 the relator “ was released to the authorities of the State of New York”, and an excerpt from the minute book for that date reads: ‘ ‘ The Court ordered an Alias Capias issued for the Defendant, Robert Thomas Brunner, directing the Sheriff of Dade County, Florida, to place same as a detainer with the New York Authorities ”. An alias capias (or second warrant of arrest) was issued directing the apprehension and production before the Dade County Criminal Court of Record of the relator £ £ to answer unto the State of Florida on an adjudication against him for Breaking and Entering ”.
The application upon which the requisition is based charges the relator with being a fugitive from justice, and the requisition demands his return as such. The warrant was issued accordingly and authorizes his arrest and surrender as such. Asserting that he is not a fugitive, the relator contests the validity of the issuance of the warrant in the light of the true facts.
The facts, as borne out by the proofs before me, that the relator was released in the custody of the New York authorities, was by them brought here to answer criminal charges and presently is on probation under a suspended sentence, negatives any claim of the demanding State that he is a fugitive. There is no claim that the relator fled the State of Florida to avoid prosecution or that he escaped confinement, jumped bail or broke any terms of probation or parole. (See Code Crim. Pro., § 830.) He clearly left that State under compulsion.
Looking to the Uniform Criminal Extradition Act as adopted by our Legislature in chapter 892 of the Laws of 1936 (Code Crim. Pro., §§ 827-859), and by which the State of Florida is also bound (Fla. Stats., §§ 941.01-941.30), we find provision for extradition under various circumstances. Basically, the act provides for the extradition of fugitives, wherein it is the “duty” of the Governor of this State to issue a warrant upon demand of another State. (Code Crim. Pro., § 829.) Other sections provide fo.r the extradition of a person who has not fled the jurisdiction of the demanding State, in which case the issuance of a warrant on demand is within the Governor’s discretion. See section 833, relating to persons who left the demanding State under compulsion, and section 834, relating to persons not present in the demanding State at the time of the commission of crime. There is a further provision in the code under which a person held under criminal proceedings in the asylum State may be returned to the demanding State before the conclusion of his term of sentence. This is done by agreement between the executives of the two States. (Code Crim. Pro., § 832.)
*865 It will be seen therefore that sections 832, 833 and 834 supplement the provisions of the Federal Constitution regarding extradition (U. S. Const., art. IV, § 2) by permitting, in certain instances, the extradition of persons who are not strictly “ fugitives from justice ”. These sections, however, are all governed by section 835 of the Code of Criminal Procedure which authorizes the issuance of the warrant of arrest, but provides that “ The warrant must substantially recite the facts necessary to the validity of its issuance ” (emphasis supplied). (See People ex rel. Swanson v. Fitzsimmons, 2 A D 2d 235.)
There being no evidence or claim of any agreement between the executives of our two States and having determined that the relator herein is not a fugitive, I conclude that the request for his return should have been made pursuant to the provisions of section 833 of the code.
An examination of the record shows that the request for the surrender of the relator was made pursuant to the provisions of section 829, and that the warrant by the Governor of this State recites and was issued upon a state of facts that did not exist.
The request was based on the affidavit of the State Attorney for Dade County which states that the relator’s return is required for trial and conviction on the charges made against him. The facts are that the relator had already pleaded guilty to those charges and a “ judgment ” of conviction was made and entered by the court on the guilty plea. That “ judgment ” also provided “ that the passing of sentence be, and the same is, hereby suspended from day to day and term to term until the further order of this court
Without considering the propriety of that “ judgment ” (and it has been criticized by the appellate courts of Florida in Bateh v. State of Florida, 101 So. 2d 869, affd. 110 So. 2d 7, and Helton v. State of Florida, 106 So. 2d 79), it is obvious that the method here employed to deliver the relator to the New York authorities and secure his return was one not authorized by the Uniform Criminal Extradition Act. The Florida court was not obliged to surrender the relator. It could have exhausted its remedy against him before recognizing the New York claim. (Ponzi v. Fessenden, 258 U. S. 254.) Being agreeable to surrendering him before he was sentenced, there was only one method to be employed by which his return could have been secured, and that was by agreement between the Governors pursuant to section 832.
The issue then resolves itself into whether the Governor of this State considered and passed upon the demand under *866 section 829 or section 833; i.e., whether he treated the request as one he was mandated to comply with or exercised the discretion otherwise vested in him. (People ex rel. Swanson v. Fitzsimmons, 2 A D 2d 235, supra.) From the nature of the demand and the recitals in the warrant, I find nothing to indicate that the Governor of New York State treated the request of the Florida Governor as anything other than a demand for the return of a fugitive, which did not permit the exercise of discretion. Consequently the warrant is invalid.
The writ is sustained and the relator discharged.