**Ex parte Stiles Tuttle DeFOY.**

**No. 40498.**

Court of Criminal Appeals of Texas.

July 12, 1967.

Tom Diamond, El Paso, for appellant.

Barton Boling, Dist. Atty., James H. Kreimeyer, Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding the appellant to custody for extradition to the State of New York.

The executive warrant issued by the Governor of Texas, which appears regular on its face, was introduced in evidence. It is recited in the warrant that the appellant stands charged by indictment, which is accompanied by warrant, and supporting papers, with the crime of sodomy in the first degree and assault in the second degree. The warrant made out a prima facie case authorizing the remand of the appellant to custody for extradition. Ex parte Favor, Tex.Cr.App., 406 S.W.2d 434.

Error is urged on the ground that the appellant did not commit an act in New York which would constitute a crime in Texas, there being no proof offered of the law of New York.

A duly authenticated copy of a portion of the Penal Law of the State of New York is included in the record.

From a consideration of said penal law it appears that the indictment substantially charges the appellant with a crime and was sufficient upon which to base a demand for extradition. No error is shown.

Appellant seeks his discharge on the ground that he was arrested and detained by the F. B. I., who took him before the Commissioner of the Federal Court, where he expected a hearing but never got one, and later a U. S. Marshal transferred him to the county jail.

While testifying, the appellant admitted knowing of the charges against him, and stated that he fled for the reason he was not guilty; that the Federal Commissioner advised him of his right not to make a statement and of his right to counsel.

From a consideration of the record, nothing appears which warrants the discharge of the appellant.

The trial court was authorized to conclude as he did and remand the appellant for extradition.

The judgment is affirmed.