**Ex parte Dan HARRISON.**

**Ex parte Ed HILLIARD.**

Nos. 44370, 44371.

Court of Criminal Appeals of Texas.

July 28, 1971.

No attorney on appeal, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

These appeals are from orders in a habeas corpus proceeding remanding appellants to custody for extradition to the State of Arkansas.

The appellants were charged with the same offense. A joint hearing was held. No brief for appellants has been filed. These being appeals from a habeas corpus hearing, the matters raised during the hearing will be discussed.

The executive warrants of the Honorable Preston Smith, Governor of Texas, recite that each appellant stands charged with the crime of "false pretense in violation of Sec. 41–1901, Arkansas Statutes." The informations in the supporting papers recite that each appellant "did unlawfully, and feloniously and with the intent to defraud The Lavaca Telephone Company, Inc., did designedly by oral false pretense, obtain the exclusive right to sell advertising in the yellow pages of the telephone directories of The Lavaca Telephone Company, Inc., * * *."

Appellants, in their applications for writs of habeas corpus, contended that there was no such offense as false pretense and that there was no justification for the arrest and prosecution and that they were not present at the time of the commission of the offense.

A copy of Section 41–1901 of the Arkansas statutes appears in the record. It provides a penalty for obtaining personal property by false pretenses.

It appears that the informations substantially charge the appellants with the

crime in the State of Arkansas and were sufficient upon which to base the demands for extradition. See Ex parte DeFoy, Tex.Cr.App., 417 S.W.2d 168.

■ At the hearing, the wife of each appellant testified that her husband was in Houston and not in Arkansas at the time of the alleged offense. The testimony of a wife who is an interested witness standing alone is insufficient to rebut the presumption raised from the allegation in the extradition papers. Ex parte Mackerman, Tex.Cr.App., 376 S.W.2d 350.

The executive warrants in the proceedings appear to be regular. The order remanding appellants to custody for extradition is affirmed.

No motion for rehearing will be filed by the clerk except by leave of the Court.

ODOM, J., not participating.