Joseph Jiudice, J.
The petitioner in this habeas corpus proceeding is seeking a discharge from arrest on a warrant issued by the Governor of the State of Tennessee fox his arrest and delivery as a fugitive from justice.
The petitioner was convicted in May of 1970 in the State of Tennessee of several crimes and as a result of these convictions, he was sentenced. Prior to his conviction in Tennessee, the petitioner was an inmate of Attica Prison in New York State and he was returned from that institution to the State of Tennessee for disposition of the charges against him.
Upon his plea of guilty and the imposition of sentences, as aforesaid, the petitioner was returned' to the custody of the Department of Correction of the State of New York. It is alleged in the demand from the Governor of the State of Tennessee that the petitioner has refused to waive extradition from the State of New York and that he is a fugitive *709 from justice in that he has not satisfied the sentences imposed upon him by the State of Tennessee.
The petitioner sets forth various contentions dealing as to the form of the demand by the Tennessee Governor; however, the principal basis of his contention is that he is not a fugitive from justice pursuant to the Uniform Criminal Extradition Act and the Governor’s warrant was, therefore, improperly issued under former section 829 of the Code of Criminal Procedure (now CPL 570.06).
The court is of the opinion that the various contentions of the petitioner need not be decided if the issue of his classification as a fugitive from justice is first determined. This is the issue in the case.
The application upon which the requisition was based charges the petitioner with being a fugitive from justice and demands his return as such.
The facts, substantiated by the proof before this court, indicate the petitioner was released in the custody of the New York authorities after his conviction in Tennessee for the purpose of completing his sentence in New York State on other charges. There is no claim that he fled from the State of Tennessee to avoid prosecution or that he escaped confinement therein, jumped bail, or broke any terms of probation or parole. The court believes the petitioner clearly left the State of Tennessee under compulsion. Section 833 of the Code of1 Criminal Procedure (now CPL 570.14) deals with a situation wherein the Governor of this State may surrender, on demand by the Governor of another State, a person who has violated the laws of the demanding State when, in fact, such person left the demanding State involuntarily.
The court, is of the opinion the facts herein fit squarely within sóction 833 of the Code of Criminal Procedure (now CPL 570.14) and concludes, upon the facts, the petitioner was not a fugitive from justice as defined under the Uniform Criminal Extradition Act and that the request for his return should have been made pursuant to the provisions of section 833 of the Code of Criminal Procedure (now CPL 570.14).
Since the original demand was made prior to the effective date of the. new Criminal Procedure Law, it appears the request for the surrender of the petitioner was made pursuant to the provisions of section 829 of the Code of Criminal Procedure (now CPL 570.06).
The request was based upon the affidavit of the District Attorney for the Sixth Judicial Circuit of the State of Ten *710 nessee which stated the petitioner was a fugitive from justice in that he had not satisfied the sentences imposed upon him by lawful conviction and judgment. The facts show the petitioner had already pleaded guilty to the charges in Tennessee and that a judgment of conviction was made and entered by the court on a guilty plea.
Under the Uniform Criminal Extradition Act, the court believes the method here employed to deliver the petitioner to New York authorities and secure his return to the State of Tennessee was not authorized (People ex rel. Brunner v. Dominy, 22 Misc 2d 863 [1959]). Consequently, the court finds the warrant is invalid.
The petitioner’s writ is sustained and the petitioner is discharged.