■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER L. INGRAM, Appellant, v WILLARD M. BOUND, as Warden of the Ulster County Jail, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered June 15, 1977 in Ulster County, which dismissed a writ of habeas corpus after a hearing. While imprisoned in New York State pursuant to a sentence following his conviction for a crime committed in New York, the petitioner consented to extradition to Maryland to stand trial on felony charges. In Maryland, after trial, he was convicted of armed robbery and manslaughter and sentenced to a term of imprisonment of 40 years and then was returned to New York to complete the New York sentence imposed before the Maryland conviction. Prior to the completion of petitioner's New York sentence, a detainer was filed by Maryland police and notice thereof was relayed to the authorities at Napanoch where the petitioner was incarcerated. After receipt of a requisition from the Governor of Maryland, New York's Governor issued an extradition warrant and through this proceeding the petitioner challenges the validity of the warrant on the sole ground that the requisition improperly described him as a fugitive from justice. While this description was incorrect, the supporting documents and the hearing at Special Term showed that the petitioner left the demanding State involuntarily after his conviction in Maryland to complete the New York sentence. Accordingly, the Governor of New York was clearly justified under CPL 570.14 in surrendering petitioner to the State of Maryland. Statutory provisions relating to interstate extradition must be liberally construed to effectuate their purpose and the error here, which affected no substantial right of the petitioner, should not be used to defeat the lawful interests of a sister State (see *People ex rel. Eisenman v Sheriff of Oneida County,* 55 Misc 2d 685, affd 30 AD2d 644). To hold otherwise would be to exalt form over substance. Judgment affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.