OPINION OF THE COURT
Michael J. Dontzin, J.
The relator in this writ of habeas corpus seeks his discharge *578 from arrest on a warrant issued by the Governor of the State of New York on a demand of the Governor of North Carolina, dated March 29, 1978, certifying, in part, that the relator was a "fugitive^ from justice from the State of North Carolina, charged with conspiracy to possess with intent to sell and deliver heroin.” The "Application for Requisition” in North Carolina dated March 28, 1978, which accompanied that Governor’s demand certified in part that the relator "was personally and physically present in Wayne and Johnston Counties, North Carolina, at the time of the commission of the alleged crime.”
The prosecutor in New York now concedes that the relator was not in the demanding State at the time he allegedly committed the acts forming the basis of the North Carolina charge. The prosecutor contends that this misinformation contained in the North Carolina "Application for Requisition” resulted from "a typographical error,[1] and that the relator had committed certain acts in this (New York) and other states, intentionally resulting in a crime in the demanding state, which acts would be punishable under the Penal Laws of the State of New York.”
The Governor of New York issued the warrant pursuant to CPL 570.06 and 570.08.
The Uniform Criminal Extradition Act (CPL art 570) provides for two kinds of extradition: mandatory (CPL 570.06, 570.08) and discretionary (CPL 570.14, 570.16). CPL 570.06 and 570.08 implement the mandatory provisions of the Federal Constitution regarding extradition (US Const, art IV, § 2). CPL 570.14 and 570.16 supplement those provisions, by permitting extradition of persons in certain instances where they are not fugitives from justice in a strict sense, in that at the time the acts constituting the crime were committed, such persons were not in the demanding State or did not leave the demanding State voluntary.
The issue here is whether the warrant for extradition granted under procedures calling for mandatory rather than discretionary approval is valid.
The prosecutor urges that the New York Governor’s war *579 rant is valid because the misinformation regarding the "presence” of the relator in North Carolina attributable to the typographical error can be cured at a hearing which would establish that the relator is extraditable under CPL 570.16. Further, that the Governor’s warrant is not fatal because it did not spell out verbatim the requirements of "the statute” [sic].[2]
In urging its position, the prosecutor, in the main, relies upon People ex rel. Eiseman v Sheriff of Oneida County (55 Misc 2d 685, affd 30 AD2d 644); People ex rel. Ingram v Bound (58 AD2d 961), and People ex rel. Swanson v Peck (205 Misc 326). All are distinguishable.
In Eiseman the court refused to invalidate an extradition warrant because of a typographical error. However, the facts of that case are quite different from those here. In seeking to extradite the defendant from New York, the requisition erroneously stated that the defendant "was not” in Michigan at the time of the crime rather than that he "was” in the State. The consequence of this resulted in the opposite problem present in the case before us. That is, the Governor was allowed to exercise his discretion rather than merely following a mandatory procedure. Certainly, the issuance of a warrant for extradition under such circumstances did not adversely affect any rights of the defendant and the error was clearly insubstantial.
In Bound, the Governor’s warrant was unsuccessfully challenged on the grounds that the requisition improperly described the defendant as a fugitive from justice. The warrant was upheld however, under CPL 570.14 which is inapplicable to the case at bar.
In Peck, the warrant was challenged on the grounds that it did not set forth the necessary wording to meet the requirement of the statute. The warrant was ruled to be valid however, as the attached affidavits provided sufficient information to comply with the statute. All these cases seem to hold that slight errors will be tolerated in extradition procedures where the rights of the defendants are inconsequentially affected.
In the case before us, there has been a substantial violation of the relator’s rights. As a result of the error involved, the *580 warrant to extradite the relator was issued as a matter of course by the Governor, as mandated by the United States Constitution and relevant Federal and State laws. The relator was fundamentally harmed since he was deprived of the Governor’s exercise of discretion and the other conditions of surrender to the demanding State as provided for under CPL 570.16. That the Governor may well have decided to extradite the defendant anyway, does not justify circumventing the Governor’s discretionary judgment.
The courts have consistently invalidated warrants for extradition where errors have deprived persons from receiving the benefit of the Governor’s exercise of discretion. (See People ex rel. Mitchell v Mederer, 263 App Div 743; People ex rel. Waldman v Ruthazer, 2 Misc 2d 297; People ex rel. Swanson v Fitzimmons, 2 AD2d 235; People ex rel. Brunner v Dominy, 22 Misc 2d 863).
For the foregoing reasons, the writ is sustained; the relator is discharged without prejudice to any other proceedings the demanding State may be advised to take.

. The prosecutor claims that the information relating to "presence” was erroneously typed in the requisition form under item 9 (a) of the form; whereas, the typist should have filled in item 9 (b) of the form which deals with situations where the person sought to be extradited was "not present” in the demanding State at the time of the commission of the acts constituting the crime.

. The prosecutor’s memorandum does not specify the section of "the statute” to which he is referring. Presumably, it is CPL 570.16.