**Ex parte Jose Maria CASTILLO, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–85–179–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 21, 1985.

Ricardo Flores, Pharr, for appellant.

Theodore Hake, Edinburg, for appellee.

Before KENNEDY, UTTER and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Appellant was arrested pursuant to an Executive Warrant issued by the Governor of Texas ordering appellant's extradition to North Carolina. The trial court denied petitioner's Writ of Habeas Corpus. We affirm.

In ground of error number one, appellant claims the trial court erred in denying appellant's Petition for Writ of Habeas Corpus because the presumption of the Governor's Warrant under TEX.CODE CRIM. PROC.ANN. art. 51.13, § 3 (Vernon 1979) was rebutted.

The State introduced the Governor's warrant which stated that appellant was charged with the crime of "larceny, possessing stolen goods," committed in Beaufort County, North Carolina and that appellant had fled justice in that state and had taken refuge in Texas. Appellant contends the evidence shows that he was never in North Carolina and that the evidence rebuts the prima facie case made out in the Governor's warrant.

"The introduction in evidence of the executive warrant, regular on its face, made out a prima facie case authorizing the remand of appellant to custody for extradition." *Ex Parte Malone*, 378 S.W.2d 330, 331 (Tex.Crim.App.1964); *see Ex Parte Cain*, 592 S.W.2d 359 (Tex.Crim. App.1980); *Ex Parte Harrison*, 469 S.W.2d 571 (Tex.Crim.App.1971); *Ex Parte Wooten*, 206 S.W.2d 261 (Tex.Crim.App.1947). The burden then falls upon the petitioner to overcome prima facie proof of the existence of every fact which the Governor was obligated to determine before issuing an extradition warrant. *Ex Parte Cain*, 592 S.W.2d at 362.

Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

*Michigan v. Doran*, 439 U.S. 282, 288–289, 99 S.Ct. 530, 534–535, 58 L.Ed.2d 521 (1978); *see Wray v. State*, 624 S.W.2d 573 (Tex.Crim.App.1981).

The extradition documents on their face are in order and petitioner has been charged with "larceny" and "possessing stolen goods." If appellant wished to attack the indictment, it was his burden to see the supporting papers were admitted into evidence. *Ex Parte Cain*, 592 S.W.2d at 362. Petitioner is the person named in the request for extradition and does not challenge that fact. A fugitive is "a person charged in the demanding state with committing a crime in the demanding state and fleeing therefrom." *Ex Parte Harrison*, 568 S.W.2d 339, 343 (Tex.Crim.App. 1978). Appellant contends that he was never in North Carolina; therefore, he could neither commit a crime there nor flee there-

from. In October of 1984, while returning from Mexico, the authorities at the International Bridge at Progeso, Texas, arrested appellant for possession of a stolen vehicle. Elver Cutter reported the vehicle stolen on September 22, 1984, to the Sheriff's Department of Beaufort County, North Carolina. Through testimony of appellant, his wife and his brother, appellant asserts that his brother purchased the vehicle in North Carolina on September 23rd. Appellant claims he borrowed the vehicle from his brother in Houston, Texas and that he has never been to North Carolina. Neither appellant's wife nor brother could testify to appellant's whereabouts on September 22, 1984, based on personal knowledge, but could speculate as to his whereabouts.

The testimony of interested witnesses standing alone is insufficient to rebut the presumption raised from the allegation. *Ex parte Harrison*, 469 S.W.2d at 572; *Ex Parte Mackerman*, 376 S.W.2d 350 (Tex. Crim.App.1964). In both *Harrison* and *Mackerman*, the wife of the petitioner testified as to her husband's whereabouts and the court found an interested witness' testimony insufficient to rebut the presumption raised by the extradition papers. Further, when appellant's wife was cross-examined as to his whereabouts on September 22, she admitted that, based on personal knowledge, she did not know for certain that he was not in North Carolina, but she believed he was in Mexico. Appellant's brother, who was in North Carolina on September 22, believed that his brother was in Houston on that date. Appellant's brother, who allegedly lent the truck to appellant, must also be considered an interested witness.

■ We find that appellant's brother and wife are both interested witnesses and their testimony is insufficient to rebut the presumption raised from the allegation in the Executive Warrant. *See Ex Parte Sut-*

*ton,* 455 S.W.2d 274 (Tex.Crim.App.1970); (where appellant and "other witnesses" supporting his alibi testified he was not in the demanding state, but appellant was in possession of the stolen property, the Court of Criminal Appeals concluded "that the trial judge did not abuse his discretion in remanding appellant to custody for extradition." *Id.* at 276-277).

The *Sutton* court stated in regard to appellant's defense of alibi: "The question of guilt or innocence is not an issue to be determined in the asylum state in an extradition proceeding." *Id.* at 276.

Considering all the above testimony, we find it insufficient to rebut the prima facie case made out in the Governor's warrant.

Before overruling appellant's ground of error, however, we must address a confusing matter contained in the record. After hearing evidence, the trial court allowed the appellant and the State to argue about whether the above testimony overcame the prima facie case. During this argument, the *trial court* directed the parties' attention to § 6 of the Uniform Criminal Extradition Act, TEX.CODE CRIM.PROC.ANN. art. 51.13, § 6 (Vernon 1979) and stated that under that section there was no need for appellant to be in North Carolina.[1] The parties then discussed what could and could not be addressed in an extradition hearing.

The trial court then stated:

"Well, assuming for a moment that we can't under any circumstances, with the evidence presented here, assume that he was in the State—let me give you the full benefit. He was not there. You still have the possessing of a stolen goods charge, where under Section 6, it applies."

This was followed by some more discussion of the applicability of Section 6. The

---

1. Section 6 provides: "The Governor of this State may also surrender, on demand of the Executive Authority of any other State, any person in this State charged in such other State in the manner provided in Section 3 with committing an act in this State, or in a third State, intentionally resulting in a crime in the State

whose Executive Authority is making the demand, and the provisions of this Article not otherwise inconsistent, shall apply to such cases, even though the accused was not in that State at the time of the commission of the crime, and has not fled therefrom."

State's attorney then spoke, arguing that the appellant's testimony did not rebut the prima facie case. Appellant's attorney then redirected the court's attention to Section 6 but then stated that the prima facie case had been rebutted.

The court then stated, "I am here to say if Section 6 if the act were not there, *he would be home free.*" Appellant's relief was then denied.

It is clear from the record that the trial court and the parties were intermittently talking about Section 6 and the sufficiency of the rebutting evidence. At times, the parties were non-responsive to the issue raised by the trial court. This has resulted in a confusing record.

On appeal, the State seems to concede that the trial court, by his "home free" statement, determined that the appellant's evidence rebutted the allegations contained in the warrant concerning appellant's presence in North Carolina. Appellant seems to argue that the trial court agreed with him that the Governor's warrant was rebutted, but, on the other hand, he also brings forth a ground of error challenging the sufficiency of the rebutting evidence. We read the trial court's "home free" comment in conjunction with his prior statement that he was *assuming for a moment* that appellant had not been in North Carolina. We do not read the trial court's statement as a finding that appellant was never in North Carolina or that extradition was only authorized under 51.13, § 6. As a result, we find that the prima facie case made out in the warrant was not rebutted and that the trial court did not err in denying appellant his requested relief. Appellant's first ground of error is overruled.

■ We agree with appellant that § 6 of art. 51.13 is not applicable based on the present Executive Warrant. "The warrant must substantially recite the facts necessary to the validity of its issuance." TEX. CODE CRIM.PROC.ANN. art. 51.13, § 7 (Vernon 1979). Extradition based on § 6 would be erroneous as this warrant charges the crime was committed in the

demanding state. *See Ex Parte Harrison,* 568 S.W.2d at 343–344.

We sustain appellant's second and third grounds of error.

However, the inapplicability of § 6 does not control the disposition of this case. Based on § 3 of art. 51.13, the trial judge did not err in remanding appellant to custody for extradition.

The judgment of the trial court is affirmed.