■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK RICHARDSON, on Behalf of OTIS LEROY THOMPSON, Appellant, v JACQUELINE McMICKENS, Respondent.—In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Queens County (Groh, J.), dated November 13, 1985, which dismissed the proceeding and directed the rendition of the petitioner Otis Leroy Thompson to the custody of the North Carolina authorities.

Judgment affirmed, without costs or disbursements. The order directing rendition of petitioner to the custody of the North Carolina authorities is stayed for 20 days from the date of the decision and order herein.

Petitioner was convicted of attempted safecracking, felonious breaking and entering and possession of implements of house breaking in the State of North Carolina and was sentenced on March 9, 1983 to a total of 30 years' imprisonment. However, on or about March 27, 1983 he was released to authorities of the State of New York in order to complete the remainder of a sentence previously imposed in New York. On August 25, 1985, petitioner was arrested in Queens County pursuant to a North Carolina fugitive warrant. The Governor of North Carolina has demanded the petitioner's return and on September 20, 1985 Governor Cuomo signed a warrant of extradition.

Petitioner contends that the Governor erroneously treated this matter as a mandatory extradition pursuant to CPL 570.06. Petitioner correctly asserts that since he was involun-

tarily removed from North Carolina to New York, he is not considered to be a "fugitive from justice" *(see, People ex rel. Higley v Millspaw,* 281 NY 441, 446) and extradition is at the discretion of the Governor *(see,* CPL 570.14). Petitioner bases his assertion that the Governor acted in error on the fact that the requisition papers from North Carolina contain numerous references to him as a "fugitive" and, at one point, state that he fled from North Carolina to avoid arrest and prosecution. He further argues that the Governor's warrant also refers to him as a fugitive and does not contain any reference to CPL 570.14 or the fact that the extradition was a matter of discretion.

While the description of petitioner as a fugitive from justice was incorrect, we are persuaded by the supporting documents and the testimony at the hearing conducted at Criminal Term that the Governor was aware that petitioner was not a fugitive and that the Governor did exercise his discretion pursuant to CPL 570.14. Statutory provisions relating to interstate extradition are to be liberally construed to effectuate their purpose *(see, People ex rel. Ingram v Bound,* 58 AD2d 961, *lv denied* 42 NY2d 811). Sustaining petitioner's writ "would be to exalt form over substance" *(People ex rel. Ingram v Bound, supra).*

Nevertheless, since petitioner claims that the confusion with regard to this matter has deprived him of an opportunity to submit his arguments to the Governor regarding the merits of his extradition, we have stayed his rendition to the North Carolina authorities for a period of 20 days from the date of this decision and order, for that purpose. Lazer, J. P., Mangano, Brown and Lawrence, JJ., concur.