Ex parte Vera Elaine
HOLDEN, Applicant.

No. 05–86–00967–CR.

Court of Appeals of Texas,
Dallas.

Nov. 13, 1986.

Paul R. Leake, Mesquite, for appellant.

Gary A. Moore, Dallas, for appellee.

Before GUITTARD, C.J., and AKIN and SCALES, JJ.

GUITTARD, Chief Justice.

Vera Elaine Holden appeals from an order denying her application for a writ of habeas corpus to avoid extradition to Washington, where she is charged with three counts of custodial interference. She contends that the documents accompanying the extradition demand are inadequate to support the Governor's warrant. We agree. Accordingly, the judgment of the trial court is reversed and the cause remanded.

Applicant's sole point of error asserts that the basis for extradition reflected in the documents accompanying the requisition conflicts with the allegation of the requisition and Governor's warrant that Holden fled from Washington and took refuge in Texas. The requisition additionally states, as necessary for mandatory extradition of interstate fugitives under Texas Code of Criminal Procedure, article 51.13, section three,[1] that applicant was in Washington when the offenses occurred. Applicant urges, however, that the supporting documents show that the criminal charges arose from applicant's conduct in Texas, which only authorizes her discretionary surrender under section six. Applicant contends that this conflict regarding the basis of her extradition is fatal. The State responds that there is no conflict; the paperwork supports extradition under section three because it alleges that the offenses occurred in Washington. We agree with applicant.

Federal law provides for mandatory extradition of interstate fugitives who commit an offense in one state and then flee to another. See U.S. Const. art. IV, § 2, cl. 2; 18 U.S.C.S. § 3182 (Law Co-op.1979). Article 51.13, section two, of the Texas Code of Criminal Procedure imposes a duty upon the Governor to order extradition under these circumstances. Section six of that article provides further that the Governor

---

1. All references to a "section" refer to the specified section of Tex.Code Crim.Proc.Ann. art. 51.-13 (Vernon 1979).

*may* also surrender any person whose actions in Texas, or in a third state, intentionally result in a crime in the demanding state. This section, unlike those relating to persons who have fled from the demanding state, is expressed entirely in permissive terms.

These provisions are all part of the Uniform Criminal Extradition Act adopted in most states.[2] Other jurisdictions have held extradition pursuant to the mandatory section improper when the supporting documents show that the accused was outside the demanding state at the time of the offense. This is because a demand for mandatory extradition, under circumstances authorizing merely permissive surrender, denies the accused any potential benefit from the Governor's exercise of discretion. *E.g., Ex parte Kaufman,* 73 S.D. 166, 39 N.W.2d 905 (1949); *People ex rel. Bernheim v. Warden,* 95 Misc.2d 577, 408 N.Y.S.2d 285 (Sup.Ct.1978); *Stobie v. Barger,* 129 Colo. 222, 268 P.2d 409 (1954). This rationale has been discussed in Texas just once. In *Ex parte Harrison,* 568 S.W.2d 339, 342 (Tex.Crim.App.1978), the Court of Criminal Appeals held that the issue of whether a defendant has been charged with committing an act in Texas intentionally resulting in a crime elsewhere is determined by considering the "charging instrument" in conjunction with the supporting requisition documents.

The information accuses applicant of interfering "in Pierce County, Washington," with her former husband's lawful custody of their three minor children by detaining them "in another state after expiration of any authorized visitation period." More specific facts are provided in the probable cause affidavit included in the extradition material, which reads as follows:

[I]n Pierce County, Washington, during the period between September 1, 1984, and March 27, 1985, the defendant, Vera Elaine Holden, being the mother of Matthew, Chris and James Holden, and with intent to deny access to Matthew, Chris and James by their father, Charles Holden, *did detain the children in Mesquite, Texas,* after expiration of the visitation period ordered in Pierce County Superior Court No. 84–3–00873–2, with intent to prevent Charles Holden from regaining custody. *On September 1, 1984, when Charles Holden went to Seattle-Tacoma International Airport to meet the children's return flight, he was informed that the children would not be returning. The children have remained in Texas with the defendant since that time.* [Emphasis added.]

This paragraph also appears in the body of the application for requisition, along with the prosecutor's contrary statement that he believes applicant was present in Washington at the time the offenses were committed. Holden's uncontradicted testimony clearly stated that she has not been Washington since her divorce in June 1984, and was not there during the time period alleged in the information.

The probable cause affidavit and application for requisition contain the only specific factual allegations among the extradition documents; both state that applicant's conduct occurred in Texas. This is consistent with the information and applicant's unrebutted testimony. We construe the allegation that the offenses occurred "in Pierce County, Washington" as nothing more than an allegation that an essential element occurred there, namely, the illegal consequences of applicant's conduct necessary to show jurisdiction of the Washington court. *See Roberts v. State,* 619 S.W.2d 161, 164 (Tex.Crim.App.1981). The Washington prosecutor's unsubstantiated statement that he believes applicant was in that state does not rebut the specific allegations to the contrary.

We hold that the information and supporting documents reflect that applicant's alleged conduct of detaining her children occurred entirely in Texas. This

**2.** *See* Tex.Code Crim.Proc.Ann. art. 51.13 (Vernon Supp.1986) (Table of Jurisdictions Wherein Act has Been Adopted).

makes her extradition to Washington a matter of gubernatorial discretion. The requisition and Governor's warrant, on the other hand, clearly recite facts essential to mandatory extradition, as required by sections three and seven. We hold further that this conflict concerning the statutory basis for applicant's extradition reveals that she was effectively denied gubernatorial discretion by the misleading requisition tracking the mandatory section of the extradition statute. *See Ex parte Castillo,* 700 S.W.2d 350, 353 (Tex.App.—Corpus Christi 1985, no pet.). The application for habeas corpus relief should have been granted.

The judgment is reversed and the case is remanded to the trial court.