TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00097-CR







Scott Blair, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 97-2609, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING








 Scott Blair appeals his conviction for felony driving while intoxicated. He contends
the trial court erred by failing to grant his motion to strike two prior DWI convictions, arguing
that the guilty pleas supporting his prior convictions were involuntary because those courts did not
admonish him of the punishment range. We will affirm the judgment.

 When prior convictions are collaterally attacked, the judgments reflecting those
convictions are presumed to be regular, and the accused bears the burden of defeating that
presumption. Williams v. State, 946 S.W.2d 886, 900 (Tex. App.--Waco 1997, no pet.). An
appellant's testimony is insufficient to overcome the presumption of regularity of the records. 
Disheroon v. State, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985); Reeves v. State, 500 S.W.2d
648, 649 (Tex. Crim. App. 1973). Testimony by an accused's spouse may also be legally
insufficient without regard to its content; in rejecting challenges to extradition proceedings, courts
have held that an accused's wife is an interested witness whose testimony is insufficient to rebut
the presumption raised by allegations in extradition papers. See Ex parte Harrison, 469 S.W.2d
571, 572 (Tex. Crim. App. 1971); Ex parte Castillo, 700 S.W.2d 350, 352 (Tex. App.--Corpus
Christi 1985, no writ).

 The judgments in the prior convictions each state that Blair "was duly admonished
by the Court of the consequences of said plea." One of the consequences of the plea about which
the court must admonish the defendant is the range of punishment. See Tex. Code Crim. Proc.
Ann. art. 26.13(a) (West 1989). The profession of admonishment in the judgment, combined with
the statute and the presumption of regularity of the judgments, creates a presumption that the court
admonished Blair of the range of punishment.

 Because Blair's testimony is insufficient as a matter of law to overcome the
presumption of regularity, we examine the only other evidence of irregularity adduced at the
pretrial hearing--the testimony of his wife, Katherine Blair. She attended both court proceedings. 
When asked about the court's admonishments, she testified as follows: 


 Q. Do you recall whether any of the judges on either of those two occasions
advised Mr. Blair about what the maximum penalty was?


 A. No.


* * *



 Q. And do you know if Mr. Blair knew at that time what the maximum
punishment was?


 A. No.


 Q. He did not know it?


 A. No, he did not know it.



Her testimony that the prosecutor and Blair's lawyer did not advise him of the punishment range
is irrelevant to whether the court admonished him.

 Mrs. Blair did not state that the court failed to admonish appellant regarding the
range of punishment. Her testimony that she did not recall whether the judges advised him on the
maximum penalty does not support appellant's position that the court failed to admonish him but
merely indicates she cannot recall the matter one way or the other. Her statement is far from
conclusive that the judges did not advise him. Her inability to recall an admonishment could be
due to the passage of six years rather than any failing of the judges. Even assuming she could
testify from her own personal knowledge whether Blair knew a fact, her profession that Blair did
not know the range of punishment when he pleaded guilty does not prove the courts did not
admonish him of that range. Even if she had stated plainly that the court never admonished him,
her status as an interested witness might undermine the effect of her testimony.

 The trial court did not err by concluding that appellant failed to overcome the
presumption of regularity of the prior judgments. 




 We overrule the point of error and affirm the judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: February 4, 1999

Do Not Publish






















* Before John E. Powers, Senior Justice, (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



 The judgments in the prior convictions each state that Blair "was duly admonished
by the Court of the consequences of said plea." One of the consequences of the plea about which
the court must admonish the defendant is the range of punishment. See Tex. Code Crim. Proc.
Ann. art. 26.13(a) (West 1989). The profession of admonishment in the judgment, combined with
the statute and the presumption of regularity of the judgments, creates a presumption that the court
admonished Blair of the range of punishment.

 Because Blair's testimony is insufficient as a matter of law to overcome the
presumption of regularity, we examine the only other evidence of irregularity adduced at the
pretrial hearing--the testimony of his wife, Katherine Blair. She attended both court proceedings. 
When asked about the court's admonishments, she testified as follows: 


 Q. Do you recall whether any of the judges on either of those two occasions
advised Mr. Blair about what the maximum penalty was?


 A. No.


* * *



 Q. And do you know if Mr. Blair knew at that time what the maximum
punishment was?


 A. No.


 Q. He did not know it?


 A. No, he did not know it.



Her testimony that the prosecutor and Blair's lawyer did not advise him of the punishment range
is irrelevant to whether the c