OPINION OF THE COURT
Gene R. Lopez, J.
*741 The defendant on October 27, 2009 sought to withdraw the waiver of a governor’s warrant of extradition and writ of habeas corpus (waiver of extradition) executed by him on his arraignment as a fugitive from justice from the Commonwealth of Pennsylvania on May 20, 2009. Following oral argument, this court granted the defendant’s request to withdraw his waiver of extradition and, at the People’s request, stayed its order and heard additional argument and reviewed memoranda of law submitted by each party. This court, in consideration of the arguments and papers presented by each party, issued a short form written order on December 14, 2009 that vacated its prior order that granted the defendant’s request to withdraw his waiver of extradition and denied his request to withdraw his previously executed waiver of extradition. This opinion serves to explain the basis for the court’s prior ruling.
Background
The following is a recitation of the events leading up to the defendant’s request to withdraw his previously executed waiver of extradition on May 20, 2009 that are relevant to this court’s consideration of the defendant’s request to withdraw such waiver.
Prior to the defendant’s May 20th arraignment on the fugitive from justice complaint the defendant had been arraigned on February 28, 2008 in Queens County on a felony complaint under docket No. 2008QN011019 that charged him with three counts of possessing a sexual performance by a child (Penal Law § 263.16) and other related charges including weapon possession and marihuana possession.[1] The court in that proceeding set bail in the amount of $250,000 cash or fully secured insurance bond and required that defendant surrender his passport to the Office of the District Attorney. At the same proceeding the defendant posted bail and waived his rights under CPL 180.80 and 30.30 until April 10, 2008 and thereafter up to and including February 6, 2009.[2] Bail on the felony matter was *742 exonerated sometime prior to July 10, 2009,* *[3] after which the defendant was remanded pending the outcome of any grand jury action concerning the existing felony charges.
Discussion
The defendant, as noted earlier, was arraigned on May 20, 2009 on the fugitive from justice complaint based on an arrest warrant issued on May 11, 2009 by Judge Stephanie Klein of Delaware County of the Commonwealth of Pennsylvania. The arrest warrant charged the defendant with the following felonies: one count of criminal solicitation, two counts of criminal solicitation and one count of criminal use of a communication facility, all of which were allegedly committed on October 2, 2008. Following his arraignment on the fugitive from justice complaint, the defendant was remanded thereon and the case was adjourned to May 22, 2009. Thereafter, the defendant continued in remand status while his fugitive from justice complaint was adjourned six times up to and including October 27, 2009 to track his then pending felony complaint.[4]
It is undisputed by either party that during the pendency of the felony complaint, plea negotiations had occurred at least through September 17, 2009 in an attempt to resolve all criminal matters pending either in Delaware County, Pennsylvania or Queens County or charges being contemplated by the United States Attorney for the Eastern District of New York.
*743 The defendant maintains that he executed the waiver of extradition on May 20, 2009[5] based on “a belief that New York, Pennsylvania and [flederal authorities would agree to a global settlement of his criminal actions. He [the defendant] believed that executing the waiver would help facilitate such an agreement.”5 [6] Defendant maintains that now it is clear that the relevant authorities do not intend to offer any acceptable resolution of the pending charges and “his previous waiver[s] which were entered into solely to facilitate a settlement . . . may be withdrawn as of right [by him] at any time prior to rendition.” In the alternative, the defendant maintains that this court, in its discretion, should grant his application based upon the factors that demonstrate the timeliness of his application, that the authorities in either the demanding or asylum states are not prejudiced thereby, and that the withdrawal would not impair the administration of justice or show bad faith on the part of the defendant.[7]
In this regard, the People, to dispel the notion that no plea offer had been made, submitted a copy of a letter dated June 10, 2009 from Senior Assistant District Attorney Kateri Gasper to defendant’s then counsel, Patrick Brackley, Esq., concerning docket No. 2008QN011019.[8] Gasper informed Brackley that the current plea offer would require the defendant to enter pleas of guilty to three counts of promoting a sexual performance by a child in violation of section 263.15 of the Penal Law, forfeiture of computers seized and recovered by the government, and registration as a sex offender, in exchange for a recommendation to the court for a sentence of 2[1]/s to 7 years on two counts and 1 to 3 years on the third count to run consecutively. Gasper also informed Brackley that the prosecuting officials assigned to the defendant’s Pennsylvania and federal matters would agree to forgo further prosecution of the defendant in their respective jurisdictions if the defendant accepted this plea offer. The People maintain that although the defendant “was being given *744 consideration for executing [his] waiver of extradition” (People’s mem, dated Dec. 4, 2009, at 7, II11),
“[a]t no time during the [arraignment of the defendant on the fugitive from justice complaint on May 20, 2009 was the defendant] promised any disposition that would wrap up all of the charges. At no time was [the defendant] advised that the only way the People would wrap up his charges was with a waiver of extradition.” (People’s mem, dated Dec. 4, 2009, at 5-6, II 9.)
Moreover, the People point out that on May 4, 2009, before Judge Klein of Delaware County, Pennsylvania issued an arrest warrant that resulted in the defendant’s arrest and arraignment in Queens County, New York upon the fugitive from justice complaint, the People extended a plea offer to the defendant.[9]
The People’s Argument
The People maintain that the defendant, by properly executing a written waiver of extradition signed in open court after having been fully advised by a judge with respect thereto and with counsel at his side, has conceded being the subject of the warrant from the wanting jurisdiction and that the warrant of arrest is in order and valid.[10] The People thus argue the defendant should not be permitted to withdraw his waiver of extradition unless the defendant can show that his waiver was not made in an intelligent, knowing and voluntary manner in the same manner that a defendant would be required to establish in a motion to withdraw a guilty plea. In the alternative, the People argue that a plea negotiation unacceptable to the defendant does not constitute good cause on which to withdraw his waiver of extradition; indeed, the People maintain that defendant, by implying the People had not made any offer and had conditioned any plea offer on the requirement that defendant execute a waiver of extradition, is acting in bad faith by playing “ ‘fast and loose’ ” with the court to achieve an otherwise impermissible advantage (State v Arundell, 278 NJ Super 202, 208, 650 *745 A2d 845, 848 [Union County 1994]).[11] Thus, the People contend the defendant has failed to meet his burden of establishing good cause on which to withdraw his waiver of extradition and the court, in its discretion, should deny the defendant’s application.[12]
Defendant’s Argument
Relying primarily on People v Kelman (NYLJ, Jan. 6, 1993, at 24, col 6 [Sup Ct, Kings County]), the defendant asserts that he has the right to withdraw his waiver of extradition at any time. The defendant contends that the absence of any statutory provision or case law authorizing him to withdraw his waiver of extradition does not mean the Legislature sought to preclude defendants from withdrawing waivers of extradition. Courts have permitted defendants to withdraw waivers of rights under CPL 30.30, 180.80 and 190.50 as a matter of right without the benefit of statutory authority; a withdrawal of a waiver of extradition should be held to no higher standard. (See People v Bryant, NYLJ, Sept. 25, 1989, at 29, col 1 [Nassau County Ct].)
The defendant argues that the People’s analogy that a withdrawal of a waiver of extradition should be treated in the same manner as a motion to withdraw a plea of guilty is incorrect. The defendant contends that negotiated pleas of guilty, unlike waivers of extradition, conclude the criminal action against the defendant. Extradition, on the other hand, is merely a “procedural step that must be taken in order to secure jurisdiction over an offender.” (Defendant’s affirmation, dated Nov. 12, 2009, at 3, If 7.)
In the alternative, the defendant asserts that this court has the discretion to permit him to withdraw his waiver of extradition. As such, this court should apply the factors enumerated in People v Miller (149 Misc 2d 554 [Sup Ct, Bronx County 1990]) and permit him to withdraw his waiver of extradition.
In this regard, the defendant argues that it is the People’s burden to show his request lacks good cause or that he is acting in bad faith. Moreover, the defendant asserts that since CPL 570.50 does not set forth circumstances under which a defendant may withdraw his waiver of extradition, this court should *746 not create a burden on the defendant in order to establish his entitlement to withdraw his waiver of extradition.[13]
In any event, the defendant claims that he has demonstrated good cause in that he hoped that there would be an agreement among the New York, Pennsylvania and federal authorities to resolve this matter and he executed the waiver of extradition to facilitate such an agreement. Further, the defendant contends that the People have misinterpreted his statement that there have been no acceptable plea offers in this case. The defendant did not mean to suggest no plea offers had been extended. The defendant realizes now that there will not be an agreement between himself and the authorities on terms acceptable to him and claims that the withdrawal of his waiver of extradition will have a “de minimis disruption to the course of justice” and no prejudicial effect on the prosecutorial authorities.[14] The defendant contends that in various situations either the defendant or the People are permitted to withdraw previously executed waivers as long as there is no showing of prejudice suffered by the other party.
Decision
The Court of Appeals in People ex rel. Strachan v Colon (77 NY2d 499, 502 [1991] [citations omitted]) stated that “[t]he explicit language of the Extradition Clause furthers its intended purpose to enable the several States to try offenders in the respective States where alleged offenses are committed, and ‘to preclude any state from becoming a sanctuary for fugitives from justice of another state’ ” (see Michigan v Doran, 439 US 282, 287 [1978]). The Uniform Criminal Extradition Act was enacted “to implement the constitutional requirements of the Extradition Clause and to set forth extradition procedures.” (31A Am Jur 2d, Extradition § 11.) This Act “sets forth the procedure for arrest and delivering up of a person charged with a crime committed in one state or territory of the United States who presently is at large in another state or territory of the United States.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 570.02.) In New York, the UCEA is codified in CPL article 570.
The defendant does not — and could not — contend that the waiver of extradition he executed on May 20, 2009 was done in *747 an unknowing, uninformed, unintelligent and involuntary or defective manner.[15] Based upon the official transcript of defendant’s arraignment, the arraignment judge advised the defendant of the following: that Pennsylvania had issued a warrant for the defendant on the charges of criminal solicitation and criminal use of a communication facility; that counsel had been retained; that he had the right to the issuance and service of a governor’s warrant for his return to Pennsylvania; that he had the right to file a writ of habeas corpus to contest the legality of his arrest and detention in New York; and that he may waive these rights and agree to voluntarily return to Pennsylvania. The arraignment judge asked the defendant whether he had discussed this matter with his attorney, and whether by signing the waiver he had agreed to waive his right to the service of the governor’s warrant and to file a writ of habeas corpus and he had agreed to voluntarily return to Pennsylvania. The defendant replied in the affirmative to all of the judge’s questions.
Thus, by executing the waiver of extradition in open court after having been fully advised by a judge with respect thereto while counsel was at his side, this court finds the defendant has conceded all of the factual issues that could be raised by filing a petition for a writ of habeas corpus following the issuance of a governor’s warrant of extradition:[16] (1) that he is the person *748 named in the extradition request; (2) that he is a fugitive from the demanding state; (3) that he is charged with a crime in the demanding state; and (4) the extradition document — the warrant of arrest — is in order and valid. It follows, and the court so finds, that the defendant’s waiver of extradition was executed in conformity with CPL 570.50, in a voluntary, knowing and intelligent manner. Thus the extradition process was completed.
The defendant now contends he has an absolute or discretionary right to rescind a properly executed waiver of extradition.
This court strongly disagrees. Preliminarily, such an interpretation would render meaningless any waiver of extradition and oblige the prosecutorial authorities in the asylum state to secure a governor’s warrant of extradition in every case notwithstanding properly executed waivers of extradition in order to protect the interests of the demanding state. The defendant, by properly executing a waiver of extradition, has conceded facts fundamental to the extradition process that otherwise could be challenged by filing a petition for a writ of habeas corpus. The defendant’s concession of facts essential to his extradition finalized the extradition process and is hardly procedural in nature as the defendant contends. The cases relied upon by the defendant are ones where the waivers that were the subject of the rescission, i.e., the right to a jury trial, a defendant’s right to be present at sidebar conferences, the right to testify before a grand jury prior to the filing of an indictment, or the right to a speedy trial, did not implicate facts previously conceded. In the cases relied on by the defendant there was no finality to the proceeding as there was here.
As manifested by the words of the waiver of extradition itself, the defendant acknowledged the waiver of his right to the issuance and service of a governor’s warrant, and the waiver of his right to file a writ of habeas corpus and to all other procedures incidental to extradition. Moreover, by signing the waiver of extradition, the defendant was advised that he would be in the same position as if a governor’s warrant had been issued against him and that he would not be returned to the demanding state until such time as any open criminal matters pending within *749 New York State were resolved. The court thus finds the waiver of extradition and the proceedings attendant thereto put defendant on notice that the waiver was not revocable absent a showing that he waived his rights involuntarily, unknowingly, unintelligently and in the absence of counsel.
Beyond the words of the waiver of extradition, the defendant’s position that he has an absolute or discretionary right to withdraw a waiver of extradition is inconsistent and clearly at odds with the purpose of the Uniform Criminal Extradition Act. Defendant’s argument — provocative in the first instance — is without merit. The court in People ex rel. Semexant v Warden of Corrections of City of N.Y. Brooklyn House of Detention (133 Misc 2d 202, 203 [Sup Ct, Kings County 1986]) stated that “[t]he clear intent embodied in the extradition clause of the Federal Constitution and in New York’s statute implementing the Uniform Criminal Extradition Act (CPL art 570) is that the law be liberally construed so as to facilitate extradition” (citations omitted). Extradition contemplates the prompt return of a fugitive to the demanding state. The proceedings incidental to extradition are summary in nature and the “[statutory provisions relating to interstate extradition are to be liberally construed to effectuate their purpose.” (People ex rel. Richardson v McMickens, 115 AD2d 786, 787 [2d Dept 1985].) Given that the defendant executed the waiver of extradition on May 20, 2009, more than five months before he moved to withdraw, the court, the prosecutor and the local and federal authorities in Pennsylvania and the Eastern District of New York, having no notice of the defendant’s qualified and limited waiver of extradition, had every reason to believe the extradition process was completed.
In this case, although the defendant contends that he executed his waiver of extradition with the belief that such waiver would facilitate an agreement between the federal authorities and the authorities in New York and Pennsylvania to settle all of his criminal matters, the record of the proceedings of his arraignment on the fugitive from justice complaint gives no indication that the defendant’s decision to waive extradition was premised on the hope of a favorable plea outcome.[17] The fact that the defendant is unhappy with what the prosecutorial authorities offered to resolve all matters pending in the various jurisdictions does not constitute a fair or just reason to upset *750 settled factual matters regarding his extradition to the Commonwealth of Pennsylvania. This court believes society has as strong an interest in the finality of waivers of extradition as it does in the finality of guilty pleas, and allowing withdrawals of properly executed waivers of extradition not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work and delays and impairs the orderly administration of justice. (People v Seaberg, 74 NY2d 1 [1989].)
Accordingly, the defendant’s request to withdraw his waiver of extradition is denied.

. The court takes judicial notice of the court file relating to docket No. 2008QN011019 inasmuch as both parties have referred to that case in their respective discussions. According to the felony complaint, the defendant was also charged with violating Penal Law § 265.03 (1) (b), Administrative Code of the City of New York § 10-304 (a), Penal Law §§ 221.15 and 265.01 (1), and Administrative Code of the City of New York § 10-131 (i) (3) and (4) and § 10-303.

. The court is aware that at the arraignment of every felony complaint in Queens County, the Office of the District Attorney provides written notice to *742 every defendant so arraigned that the District Attorney will not engage in plea negotiations after indictment and will require the defendant to plead to the top count of the indictment unless the defendant at the time of his arraignment in Criminal Court agrees to waive in writing all constitutional rights to a speedy trial as well as all statutory rights under sections 30.30, 180.80 and 190.80 of the Criminal Procedure Law for a period of at least 30 days.

. Counsel for the defendant informed the court during oral argument after October 27, 2009 that defendant’s bail in the felony complaint had been set at $250,000 which had been posted but sometime thereafter was exonerated and defendant was remanded; the Department of Correction’s order to produce the defendant for his court appearance of July 10, 2009 contained in the court file in connection with his pending fugitive from justice complaint indicated his remand status in the felony complaint for which he was scheduled to appear in AP6 on September 17, 2009.

. After October 27, 2009, the grand jury of Queens County charged defendant under indictment No. 2471 of 2009 with not less than 23 counts of promoting an obscene sexual performance by a child, a class D felony, in violation of section 263.10 of the Penal Law, along with other criminal offenses. (See People’s mem, dated Nov. 9, 2009, at 3.)

. Although counsel conceded on October 27, 2009 that he was unaware that the defendant had previously executed a waiver of extradition, that factor, in this court’s view, does not militate against the defendant inasmuch as defendant knew he signed the waiver and the reasons therefor.

. See defendant’s affirmation, dated Nov. 12, 2009, f 13.

. See defendant’s affirmation, dated Nov. 12, 2009,11 9.

. The court notes that counsel entered this litigation with the filing of a notice of appearance on August 18, 2009, replacing Mr. Brackley as counsel to the defendant.

. The People maintain that an initial offer was made to the defendant on May 4, 2009 that involved pleading guilty to two counts of possessing a sexual performance by a child in violation of section 263.16 of the Penal Law with a sentence recommendation by the People of 2Vs to 7 years consecutive on each count. (People’s mem, dated Dec. 4, 2009, at 5, H 7.)

. People’s mem, dated Nov. 9, 2009, at 6.

. On November 20, 2009 this court mentioned to the parties that it had found that Colorado, a signatory of the Uniform Criminal Extradition Act (UCEA), allowed by statute a defendant to withdraw a waiver of extradition upon a finding of good cause. (See Colo Rev Stat § 16-19-126 [3].)

. People’s mem, dated Dec. 4, 2009, at 7, 1Í12.

. See defendant’s supplemental reply affirmation, dated Dec. 8, 2009, Ml 3-6.

. See defendant’s affirmation in opposition, dated Nov. 12, 2009,114.

. The defendant, in his supplemental reply affirmation, stated affirmatively that he “has not sought ... to claim error based on a defect to which he consented.” (See defendant’s supp reply affirmation, dated Dec. 8, 2009, H 20.)

. GPL 570.50 provides that
“[a]ny person arrested in this state charged with having committed any crime in another state or alleged to have escaped from confinement, or broken the terms of his bail, probation or parole, may waive the issuance and service of the warrant provided for in sections 570.18 and 570.20 and all other procedure incidental to extradition proceedings by executing or subscribing in the presence of a judge of any court of record within this state a writing which states that he consents to return to the demanding state, provided, however, that before such waiver shall be executed or subscribed by such person it shall be the duty of such judge to inform such person of his rights to the issuance and service of a warrant of extradition and to obtain a writ of habeas corpus as provided for in section 570.24.
“If and when such consent has been duly executed it shall forthwith be forwarded to the office of the secretary of state of this state and filed therein. The judge shall direct the officer having such person in custody to deliver forthwith such person to the duly accredited agent or agents of the demanding state, and shall *748 deliver or cause to be delivered to such agent or agents a copy of such consent. Provided, however, that nothing in this section shall be deemed to limit the rights of the accused person to return voluntarily and without formality to the demanding state, nor shall this waiver procedure he deemed to be an exclusive procedure or to limit the powers, rights or duties of the officers of the demanding state or of this state.”

. Transcript of defendant’s arraignment on May 20, 2009 on the fugitive from justice complaint.