■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUSSELL NEUFELD, on Behalf of JARVIOUS COTTON, Appellant, v COMMISSIONER OF NEW YORK CITY DEPARTMENT OF CORRECTION, Respondent.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Kings County (Goldman, J.), dated July 9, 1987, which dismissed the proceeding and directed the remand of Jarvious Cotton to the custody of the State of Mississippi.

Ordered that the judgment is affirmed, without costs or disbursements.

Governor Cuomo properly treated the extradition decision relating to Jarvious Cotton as mandatory once having determined that the State of Mississippi's requisition papers were in order, that Cotton was charged with a crime in the State of Mississippi, and that he was the fugitive sought in that State *(see, Puerto Rico v Branstad,* 483 US —, —, 97 L Ed 2d 187, 194-196; *California v Superior Ct.,* 482 US —, —, 96 L Ed 2d 332, 339-342; *Michigan v Doran,* 439 US 282, 288). The Governor's failure to conduct a formal hearing prior to authorizing the extradition of Cotton does not constitute a due process violation *(see, People ex rel. Morris v McGrath,* 23 NY2d 703). The fact that the charge against Cotton by the demanding State is a capital offense does not by itself mandate a hearing, and there is no indication in the record before us that a hearing was necessary to protect Cotton's constitutional rights. Nor is there any indication that an irreparable miscarriage of justice would result from the denial of the petition *(see, People ex rel. Little v Ciuros,* 44 NY2d 825); indeed, the Governor obtained assurances from the Mississippi authorities that Cotton would be furnished with highly competent counsel, a change of venue for trial and protection for himself and his family.

Finally, Cotton's assertion that he was beaten by prison officials in Mississippi prior to his escape some five years ago cannot serve to transform him from a fugitive *(see, People ex rel. Higley v Millspaw,* 281 NY 441, 446) into an involuntarily transferred prisoner covered by the provisions of CPL 570.14. Thus, that section's discretionary extradition provisions do not apply to Cotton. Mangano, J. P., Brown, Rubin, Kooper and Sullivan, JJ., concur.