■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELLIE QUARTERMAN, Also Known as HANK JAMES, Also Known as CHARLES KING, Respondent, v COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF CORRECTION, Appellant.—Appeal by the petitioner from an order of the Supreme Court, Kings County (Douglass, J.), dated December 12, 1990, which denied his application for a writ of habeas corpus.

Ordered that the order is affirmed, without costs or disbursements.

Under the provisions of the Uniform Criminal Extradition Act *(see,* CPL art 570), the Governor has an absolute duty,

upon proper demand, "to have arrested and delivered up to the executive authority of any other state" any person charged in that State with a crime "who has fled from justice and is found in this state" (CPL 570.06; *see also,* CPL 570.08). Judicial review of an extradition order is limited to four considerations: (1) whether the extradition documents are proper on their face, (2) whether the petitioner has been charged with a crime in the demanding State, (3) whether the petitioner is the person named in the extradition demand, and (4) whether the petitioner is a fugitive *(see, Michigan v Doran,* 439 US 282, 289).

It is alleged that the petitioner escaped from prison in Georgia in 1976 while serving a sentence for armed robbery. By order dated September 11, 1989, the Governor directed his extradition to Georgia. There is no dispute that the petitioner is the person named in the demand for extradition from the State of Georgia, that the extradition documents are proper on their face, and that he was charged with a crime in Georgia. The petitioner's sole contention is that he was not a fugitive at the time the Governor ordered extradition in September 1989.

In November 1983 the petitioner returned to Georgia, at which time he was arrested for several unrelated charges, convicted and sentenced, *inter alia,* to a term of 12 months probation. According to the petitioner, the Georgia authorities were aware of his presence in that State in 1983, and could have taken appropriate action to insure his incarceration at that time.

The gravamen of the petitioner's claim is that he is no longer a fugitive, and the demanding State (Georgia) should be barred from compelling his extradition because of laches. Such a claim cannot be raised within the limited scope of issues that may be considered in the instant habeas corpus proceeding. That the petitioner returned to Georgia in 1983 has no bearing on the determination of his status as a fugitive in 1989, when he was found in New York. All that need be shown is that the petitioner was present in New York when the State of Georgia sought to prosecute the offense charged in the demand for extradition *(see, People ex rel. Strachan v Colon,* 77 NY2d 499, 502-503). Accordingly, the court properly determined that the petitioner is a fugitive, subject to mandatory extradition by the Governor pursuant to CPL 570.06. Sullivan, J. P., Harwood, Ritter and Copertino, JJ., concur.