THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK WITTY, Appellant, v WARDEN OF RIKERS ISLAND CORRECTIONAL FACILITY, Respondent. [670 NYS2d 472] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), entered on or about June 16, 1997, which dismissed the petition for a writ of habeas corpus, unanimously affirmed, without costs.

Since petitioner did not raise this specific issue before the writ court, his contention that commencement of a third extradition effort was barred by CPLR 3217 (c), as twice previously discontinued, has not been preserved for appellate review. Were we to review this claim, we would find it to be without merit. Reading the statutory scheme concerning extradition as a whole and in light of the unique characteristics of extradition (*see*, CPL 570.48, 570.64), we do not find that the Legislature intended the CPLR limit on discontinuances to apply (*see also*, *People ex rel. Schank v Gerace*, 231 AD2d 380). In any event, were we to assume arguendo that CPLR 3217 (c) did apply, extradition of petitioner would not be barred by that statute. The second "discontinuance" of the extradition matter in 1995 did not operate as an adjudication on the merits, since the discontinuance was "clearly not for harassment purposes" (*Tortorello v Carlin*, 162 AD2d 291, 292). Notwithstanding that defendant was detained on two prior occasions and that no Governor's warrant was produced at either time, commencement of the third extradition proceeding pursuant to the issuance of the 1996 Governor's warrant was proper (*People ex rel. Brandolino v Hastings*, 72 AD2d 821). Petitioner's complaint about Alabama's long delay in making a timely delivery of extradition papers upon which the asylum State could take action should be addressed in the demanding State (*People ex rel. Strachan v Colon*, 77 NY2d 499, 503). Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Saxe, JJ.