◼◼◼ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS N. N. ANGELL on Behalf of RHAGI H. EL, Appellant, v FRED W. SCORALICK, Respondent. [697 NYS2d 60] —In a habeas corpus proceeding, the petitioner appeals from an order of the County Court, Dutchess County (Marlow, J.), dated May 4, 1999, which dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

Pursuant to the Uniform Criminal Extradition Act, codified in New York in CPL article 570, the petitioner has the right to challenge extradition to another State in a habeas corpus proceeding (*see,* CPL 570.24). However, judicial review is limited to four inquiries: (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding State; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive (*see, Michigan v Doran,* 439 US 282, 289; *People ex rel. Strachan v Colon,* 77 NY2d 499, 502; *People ex rel. Quarterman v Commissioner of N. Y. City Dept. of Correction,* 183 AD2d 736). Here, the extradition documents are facially sufficient and meet all of the requirements of a proper demand for extradition (*see,* CPL 570.08; *People ex rel. Kotch v District Attorney of Kings County,* 170 AD2d 632).

The petitioner's remaining contentions are without merit. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.