OPINION OF THE COURT
Arthur G. Pitts, J.
This petition having come on before the court for hearing, and the court hearing arguments of counsel regarding the deten *248 tion of the petitioner in connection with the Governor’s warrant for extradition dated January 12, 2006, and reading the following papers submitted therewith: petitioner’s memorandum of law dated May 19, 2006, petitioner’s attorney’s affirmation dated May 22, 2006, and respondent’s affidavit in support of Governor’s warrant and in opposition to writ of habeas corpus with accompanying memorandum of law dated May 30, 2006; and due deliberation being had thereon, the petitioner’s writ is granted, the Governor’s warrant for extradition is vacated, and District Court docket No. 2006SU009370 is hereby dismissed.
The salient facts of this case are relatively simple. Howard Blake is charged under a governor’s warrant with being the South Carolina fugitive, Larry Barnett, who allegedly escaped from the Anderson South Carolina Stockade in 1976. Barnett was serving a sentence of seven years for passing several bad checks and a probation violation from a prior grand larceny. Howard Blake has lived continuously at the same address in Suffolk County, New York, since 1983. He was married in 1987, helping to raise his wife’s three children from a prior marriage. He and his wife also had two children of their own in 1988 and 1992.
In 1993, Blake was arrested on an extradition demand from South Carolina. As a result of information thereafter provided to then South Carolina Governor Carroll A. Campbell, Jr., the Governor chose not to pursue the extradition. In an April 8, 1993 letter to the Commissioner of the South Carolina Department of Corrections Governor Campbell wrote:
“Fully cognizant of the interest of the Department in this matter, I have reviewed the circumstances of this case, and believe it would be neither in the best interests of the Department, nor in those of the State of South Carolina, to pursue the extradition of Mr. Barnett. Consequently, I will not sign the authorizations necessary to initiate extradition in this case, based upon my consideration of the exceptional circumstances.” (Petitioner’s memorandum of law, exhibit 3.)
Governor Campbell’s decision not to pursue the extradition resulted in Blake not being extradited. Blake returned to his everyday life.
Twelve and a half years later in October 2005, while returning from a vacation, Blake was arrested at JFK Airport on a computer entry of his being wanted in South Carolina. When *249 the necessary paperwork was not filed within 90 days, the resultant pending charge was dismissed in Criminal Court, Queens County, January 11, 2006. Blake returned to his everyday life.
On February 20, 2006 Blake was arrested at 11:15 p.m. in his home on a governor’s extradition warrant based upon a January 9, 2006 governor’s requisition signed by South Carolina Governor Mark Sanford arising out of the exact same facts and circumstances as the 1993 extradition proceedings. It is this arrest that gives rise to the present Suffolk County District Court docket number and this writ.
A court considering a petition for habeas corpus in these circumstances
“can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.” (Michigan v Doran, 439 US 282, 289 [1978].)
The court notes that petitioner has reserved his right to contest whether he is, in fact, the person named in the request for extradition. Having noted that, this court finds that the right to demand extradition of the petitioner was waived by the actions of the then Governor of South Carolina in 1993. As a result of the actions of the highest executive officer of that state, petitioner ceased being a fugitive as of April 8, 1993. That official act should have been the end of the saga. Petitioner has not been a fugitive for over 13 years, and no act of a subsequent governor, however well-intentioned or whimsical, can resurrect petitioner’s status as a fugitive so as to make him eligible for extradition.
This court could find no similar reported cases. Respondent’s reliance on People ex rel. Strachan v Colon (77 NY2d 499 [1991]) is misplaced. In Strachan the petitioner unsuccessfully argued that because he had not been charged with his crime at the time of his departure and was not sought by the demanding state for 44 years while he lived openly in the asylum state he was not a fugitive. In that case, the demanding state consistently considered petitioner a fugitive, never changing their position, and petitioner was properly extradited. That clearly is not what happened here.
Respondent cites People ex rel. Little v Ciuros (44 NY2d 825 [1978]) as the other case where the New York Court of Appeals *250 rejected equitable arguments as being available to defeat extradition. But Little dealt with a relator who claimed that she would be subjected to unconstitutional treatment by the demanding state. That Court would not stop the extradition to North Carolina, finding that the relator’s claims of unconstitutional treatment would have to be tested in the courts of North Carolina. It is not even close to the case at bar.
In People ex rel. Witty v Warden of Pikers Is. Correctional Facility (248 AD2d 333 [1st Dept 1998]) cited by respondent, the Court rejected petitioner’s argument that Alabama’s third extradition request should be barred because Alabama had not gotten its paperwork together in a timely fashion on the two previous extradition attempts which had to be discontinued. Obviously Alabama consistently sought the petitioner, never changing its position on extradition. Likewise in Matter of McCrary v Scully (153 AD2d 629 [2d Dept 1989]), the demanding state never changed its position about whether it was demanding extradition.
Finally, in People ex rel. Harris v Mahoney, 152 Misc 2d 799 [Sup Ct, Suffolk County 1991, Rohl J.], affd 198 AD2d 466 [2d Dept 1993]), the court refused to block an extradition where the asylum state governor recalled his warrant based on a change of circumstances, and a subsequent governor of the asylum state signed a subsequent warrant. In Harris, the demanding state never changed its position. Harris never ceased being a fugitive. Extradition was the appropriate outcome.
It should be clear that “once a fugitive, always a fugitive” is not a truism. Various events can lead to a fugitive ceasing to be a fugitive. A fugitive could voluntarily return to the demanding state and resolve their outstanding matters and they would no longer be a fugitive. A fugitive could be extradited to the demanding state and their matter concluded, and they would no longer be a fugitive. A fugitive could be pardoned or granted clemency in absentia, and would no longer be a fugitive. In the case at bar, in 1993 when South Carolina, through the very clear, unambiguous, unequivocal, unchallenged actions of its governor, affirmatively stopped seeking the return of the petitioner, the fugitive ceased being a fugitive.
“A fugitive from justice is a person who is 1) suspected of or has been convicted of committing a crime, 2) sought by the jurisdiction so that the jurisdiction may subject the person to its criminal justice system, and 3) has left the jurisdiction and is found *251 within the boundaries of another” (Gee v State of Kan., 912 F2d 414, 418 [1990]; People ex rel. Higley v Millspaw, 281 NY 441 [1939]; Roberts v Reilly, 116 US 80 [1885]).
It is clear that on April 8, 1993, when the executive authority of the State of South Carolina took the actions he took, Barnett was no longer “sought” by the jurisdiction, no longer met the second criterion of the above noted definition, and therefore was no longer a “fugitive from justice.” That a subsequent Governor of South Carolina does not agree with or feel bound by the official actions of a previous Governor of South Carolina is no reason to permit the reimposition of “fugitive from justice” status on the petitioner herein.
Accordingly, this petition is granted. The Governor’s warrant for extradition is hereby vacated, and District Court docket No. 2006SU009370 is hereby dismissed.