■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHRISTO-PHER DI MEO, Appellant, v DALE ARTUS, as Superintendent of Clinton Correctional Facility, Respondent. [828 NYS2d 642]—

Carpinello, J. Appeal from a judgment of the Supreme Court (McGill, J.), entered March 3, 2006 in Clinton County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

During the course of an armed robbery of a Connecticut jewelry store, petitioner shot and killed its two owners. He then fled Connecticut by first going to his apartment in New York and then traveling to New Jersey. He was ultimately apprehended in New Jersey where he admitted the commission of the Connecticut crimes, as well as the commission of earlier crimes in New York. He voluntarily waived extradition to New York. Upon being returned to New York, he was tried and found guilty of murder in the first degree and robbery in the first degree and is serving a life sentence without parole. The Governor of Connecticut now seeks his extradition to that state to stand trial for the crimes arising out of the jewelry store robbery. The Governor of New York has signed a warrant of extradition. Petitioner's application for a writ of habeas corpus was dismissed by Supreme Court, prompting this appeal. We affirm.

* Petitioner had five days of jail-time credit when he began serving his New York sentence on April 10, 1996.

Under the provisions of the Uniform Criminal Extradition Act (*see* CPL art 570), the Governor of New York has an absolute duty, upon proper demand, "to have arrested and delivered up to the executive authority of any other state . . . any person charged in that state with . . . [a] felony, or other crime, who has fled from justice and is found in this state" (CPL 570.06; *see* CPL 570.08). Judicial review of an extradition order is limited to four considerations, only one of which is raised by petitioner in this proceeding, namely, whether he is a fugitive (*see Michigan v Doran*, 439 US 282, 289 [1978]). Here, petitioner committed several felonies in Connecticut, fled from justice in that state "without waiting to abide the consequences" (*People ex rel. Strachan v Colon*, 77 NY2d 499, 502 [1991] [internal quotation marks and citation omitted]), has since been charged with those felonies and can presently be found in New York. Thus, even though he is in New York because he was extradited here from New Jersey, he is most decidedly a fugitive within the meaning of CPL 570.06 and therefore subject to mandatory extradition (*see People ex rel. Schank v Gerace*, 231 AD2d 380, 386-387 [1997]; *People ex rel. Quarterman v Commissioner of N.Y. City Dept. of Correction*, 183 AD2d 736 [1992], *lv denied* 80 NY2d 756 [1992])

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.