[922 NE2d 869, 895 NYS2d 283]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOWARD GLENN BLAKE, Alleged to be LARRY WAYNE BARNETT, Appellant, v GEORGE E. PATAKI, as Governor of the State of New York, Respondent.

Decided January 12, 2010

APPEARANCES OF COUNSEL

*Harry H. Kuttner, Jr.*, Mineola, for appellant.

*Thomas J. Spota, District Attorney*, Riverhead (*Michael Blakey* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, without costs. The certified question should not be answered upon the ground that it is unnecessary.

Once a governor of an asylum state has granted extradition, a court considering release on habeas corpus must decide "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive" (*Michigan v Doran*, 439 US 282, 289 [1978]). A fugitive is one who, "having committed a crime in a demanding State, is present in an asylum State when a demanding State seeks to prosecute the offense" (*People ex rel. Strachan v Colon*, 77 NY2d 499, 502-503 [1991]). Relator is a fugitive because he was convicted of a crime in South Carolina and escaped from incarceration. If, in 1993 or thereafter, South Carolina determined that it no longer sought to classify relator as a fugitive, it could have granted relator a pardon. Hence, relator's equitable arguments are more appropriately posited to South Carolina.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, etc.