■ THE THE PEOPLE OF THE STATE OF NEW YORK ex rel. LU ANNE BLAKE, on Behalf of HOWARD BLAKE, Alleged to be LARRY W. BARNETT, Respondent, v CHARLES EWALD, Appellant. [989 NYS2d 330]—

In a habeas corpus proceeding, the appeals are (1) from a judgment of the Supreme Court, Suffolk County (Pitts, J.), dated April 18, 2013, which sustained the writ, vacated a Governor's warrant for the extradition of Howard Blake, alleged to be Larry W. Barnett, to the State of South Carolina, and dismissed the fugitive complaint, and (2), as limited by the appellant's brief, from so much of an order of the same court dated September 9, 2013, as, upon reargument and renewal, adhered to the prior determination in the judgment dated April 18, 2013.

Ordered that the appeal from the order is dismissed as academic, without costs or disbursements, in light of the determination of the appeal from the judgment (*see New York & Presbyt. Hosp. v AIU Ins. Co.*, 20 AD3d 515 [2005]); and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the writ is dismissed, the Governor's warrant for extradition is reinstated, and the fugitive complaint is reinstated.

"[O]nce the Governor of an asylum State has directed extradition, 'a court considering release on habeas corpus *can do no more than* decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive' " (*People ex rel. Strachan v Colon*, 77 NY2d 499, 502 [1991], quoting *Michigan v Doran*, 439 US 282, 289 [1978]; *see People ex rel. Blake v Pataki*, 99 AD3d 956 [2012]; *People ex rel. Angell v Scoralick*, 265 AD2d 354 [1999]). Here, it is undisputed that the documents for extradition to South Carolina are facially sufficient and meet all of the requirements of a proper demand for extradition (*see* CPL 570.08). Instead, the petitioner contends that the detention is illegal because a South Carolina court had issued a limited stay in the proceeding commenced there to challenge the extradition. Contrary to the Supreme Court's determination, such argument

should be raised in the South Carolina forum (*see People ex rel. Blake v Pataki*, 13 NY3d 912 [2009]; *People ex rel. Strachan v Colon*, 77 NY2d at 502-503; *People ex rel. Schank v Gerace*, 231 AD2d 380, 386 [1997]).

In light of our determination, we need not address the parties' remaining contentions. Dillon, J.P., Hall, Miller and Hinds-Radix, JJ., concur.